UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| UNITED STATES OF AMERICA, Plaintiff, v. 4. ABDULKADIR NUR SALAH, Defendant. | Case No. 22-CR-223(4) (NEB/TNL) **DEFENDANTS' POSITION REGARDING TRIAL PLAN** |
|---|---|

On behalf of all defense counsel of record in the above-referenced matter, counsel for Defendant Salah respectfully submits this response to the Court's Order requiring the parties to submit a trial plan to the Court.

Pursuant to the order, counsel for the defense reached out to attorneys for the government to meet and confer regarding trial. On Wednesday, August 30, 2023, counsel for the United States sent an email to defense counsel detailing the United States' position with respect to the trial timing and the United States' preferred sequence for allegedly related trials. The defense's understanding is that the United States prefers for any trial in this matter to occur in June or July of 2024.

The defense responded to the United States' position on August 31, 2023, and the United States ultimately stated that the parties cannot come to an agreement and should submit separate trial proposals to the Court.

From defense counsel's perspective, it is especially difficult to estimate when this case will be trial ready at this early stage. The defense's best estimate is that this matter will be trial ready in the fall of 2024. This estimate is based on several factors.

1

First, at least some defense counsel are considering filing motions that may likely result in an under-advisement period for the Magistrate Judge, an evidentiary hearing, and delay associated with objections to a Report and Recommendation from the Magistrate Judge.

Second, on behalf of the defense, the undersigned attorney for Defendant Salah expects to move for a continuance of the motions filing deadline to provide sufficient time to review and consider the United States' exceptionally voluminous disclosures before filing motions. In May 2023, shortly after the last continuance was entered in this case, the United States made a significant supplementary disclosure to the defense. Further, certain important materials – including surveillance videos – were not copied by the government for the defense until approximately five full months after these materials were first offered for copying and requested by the undersigned attorney in January 2023. The extreme volume of discovery and certain technical difficulties experienced in attempting to review and make use of media and digital data have delayed the defense's ability to prepare to file important motions and to fully assess whether all necessary disclosures have been made. Accordingly, the defense expects to seek a continuance of the motions filing deadline to December 2023. The government has stated that it will take no position on the defense's motion to continue the motions filing deadline.

Third, the defense sees no reason for trials to proceed in any predetermined sequence. We are not aware of any rule or law that would allow the United States to choose the sequence of trials – particularly where the case has been designated as complex at the government's own urging. Further, the United States has not identified any efficiencies for the Court or the parties that would justify this matter being tried earlier than other cases that may be ready for trial sooner. The defense's position is that this matter should proceed to trial when it is trial ready, after all Rule 12 pretrial motions have been addressed by the Court.

The United States indicated that it believes that it will need 3-4 weeks for trial. Defense counsel have not had adequate time to meet and confer regarding the potential length of any defense case at trial at this early stage. However, we estimate it is possible that 1-2 weeks of additional trial time could be necessary for defense witnesses and evidence.

The United States has also proposed deadlines for expert disclosures, exhibit lists, witness lists, and the like. The defense defers to the Court regarding trial filing deadlines, but respectfully requests that the Court require that government witness and exhibit lists be disclosed at least 60 days before trial given the significant volume of documents and witnesses that are likely to be presented at trial.

Respectfully submitted,

Dated: August 31, 2023

GREENE ESPEL, P.L.L.P.

s/ Surya Saxena
Surya Saxena (#0339465)
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402-3362
(612) 373-0830
ssaxena@greeneespel.com

Attorneys for Defendant Abdulkadir Nur Salah