UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- against -<br><br>ABDIHAKIM ALI AHMED,<br>                             Defendant. | MOTION TO SUPPRESS<br>FRUITS OF SEARCH WARRANT<br><br>22-CR-223 (NEB/TNL) |

      Abdihakim Ali Ahmed, through his attorney, respectfully moves the Court for an order suppressing evidence obtained as a result of a search warrant dated February 1, 2022 (the "Search Warrant") executed on the Google email account of Google user, abdihakim.ahmed@gmail.com (the "Google Account").[1]  This evidence should be suppressed because the affidavit in support of the application for the Search Warrant (the "Affidavit") lacked probable cause; the Search Warrant was unconstitutionally overbroad and lacking in particularity; and the searching agents exceeded the scope of the Search Warrant when they disregarded its requirement of selective seizure.  The impermissible scope and execution of the Search Warrant mandate suppression.  To the extent the issues may not be resolved on the papers alone, the Court should hold an evidentiary hearing to elucidate the issues raised in this motion, as well as analyze both the government's assertions in support of the issuance of the warrant, pursuant to *Franks v. Delaware*, 438 U.S. 152 (1978), and to determine the extent to which the unauthorized seizures tainted other evidence to be offered at trial, pursuant to *Wong Sun v. United States*, 371 U.S. 471, 488 (1963).

---

[1] The Search Warrant is attached as exhibit 3 to the Motion for a Franks Hearing filed by co-defendant
       Abdulkadir Salah on December 15, 2023 (Docket #188).

## FACTS

On February 1, 2022, Magistrate David T. Schultz executed a search warrant authorizing the search of the Google account of Google user abdikahim.ahmed@gmail.com (the "Google Account").

In its affidavit in support of its application for the issuance of the search warrant, the government alleges that Mr. Ahmed created ASA Limited LLC ("ASA") on or about September 4, 2020, and enrolled it in the Federal Child Nutrition Program under the sponsorship of Feeding Our Future.  *See* Affidavit of FBI Agent Travis Wilmer ("Affidavit") at ¶¶ 35, 36. Correspondence from Feeding our Future to the Minnesota Department of Education indicated that ASA "would be 'serving youth living in St. Paul' and 'in an area that does not have other culturally appropriate food sites.'"  *Id.*, ¶ 36.  ASA claimed $700,000 in Federal Child Nutrition Program funds for meals served in September and October 2020, and received a total of  $5.3 million in Federal Child Nutrition Program funds since its creation in September 2020.  *Id.*, ¶ 37, 38.  The Affidavit notes that Mr. Ahmed purchased a car for approximately $40,000, using funds traceable to the ASA account.  *Id.* at ¶ 97. The Affidavit states in conclusory fashion that ASA was "a company set up to fraudulently receive, disburse and misappropriate Federal Child Nutrition Program funds."  *Id*. at ¶ 99.  The Affidavit maintains, also in conclusory fashion, that "almost none of [the money received by ASA and other companies listed in the Affidavit] was used to feed children." *Id.* at 7.

Attachment B to the Affidavit set forth the particular items Google was required to disclose to the government, and a list of the items the government was permitted to seize.  Thus, under the Search Warrant, Google was required to disclose, *inter alia*, "[t]he contents of all e-mails associated with the account, including stored or preserved copies of e-mails sent to and

from the account, draft e-mails, the source and destination addresses associated with each e-mail, the date and time at which each e-mail was sent, and the size and length of each e-mail" and "[a]ll records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files." *See* Affidavit, Attachment B at 1, 2.

The government was permitted to seize from the data provided by Google all information constituting "fruits, contraband, evidence and instrumentalities of violations of 18 United States Code, Sections 1341, 1343, 1349, 1956 and 1957." *Id.* at 3.  This included, inter alia, "[a]ny and all records related to the purchase or ownership of real estate, vehicles or other items using federal child nutrition program funds;" "[a]ny records or communications related to the obtaining, secreting, transfer, and/or concealment of money;" "[a]ll emails indicating the email account owner's state of mind as it relates to the crime under investigation;" "[a]ll emails that identify co-conspirators in the scheme to defraud consumers;" and "[a]ll emails which evidence the planning and execution of the scheme to defraud." *Id.* at 4.

In a certification signed on July 14, 2022, FBI Agent Wilmer stated that 22,558 emails were seized from the abdikahim.ahmed@gmail.com account, of which 3,634 were "Culled as Relevant."

**ARGUMENT**

ALL EVIDENCE SEIZED AS A RESULT OF A SEARCH
WARRANT EXECUTED ON THE GOOGLE ACCOUNT OF
ABDIKAHIM.AHMED@GMAIL.COM SHOULD BE
SUPPRESSED

The Fourth Amendment was intended as a bulwark against "the 'general warrant' abhorred by the colonists" and protects against "a general, exploratory rummaging in a person's personal belongings." *Coolidge* v. *New Hampshire*, 403 U.S. 443, 467 (1971).  Its overarching

purpose is to ensure that "those searches deemed necessary should be as limited as possible." *Id.* To achieve its goal, the Warrants Clause requires as a threshold matter that there be probable cause that a crime has been – or is about to be committed. *United States v. Williams*, 477 F.3d 554, 557 (8th Cir.2007) ("The Fourth Amendment requires a showing of probable cause before a search warrant may be issued."). In addition, it forbids overbreadth and requires particularity, two related but legally distinct constitutional objections to a warrant. Thus, a search warrant must "describe and identify the items to be seized with particularity." *United States v. Cartier*, 543 F.3d 442, 447 (8th Cir.2008) (*quoting United States v. Nieman*, 520 F.3d 834, 839 (8th Cir.2008)). The breadth requirement limits searches "to the specific areas and things for which there is probable cause to search." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987).

The constitutional standard for particularity of description in a search warrant is met if the description is sufficiently definite so as to enable the officer with the warrant to reasonably ascertain and identify the place to be searched and the objects to be seized. *Steele v. United States*, 267 U.S. 498, 503-04 (1925); *United States v. Johnson*, 541 F.2d 1311, 1313 (8th Cir.1976). The underlying measure of adequacy in the description is whether, given the specificity in the warrant, a violation of personal rights is likely. *Johnson*, 541 F.2d at 1313. As the Supreme Court recognized, document searches pose unique Fourth Amendment concerns:

> [T]here are grave dangers inherent in executing a warrant authorizing a search and seizure of a person's papers that are not necessarily present in executing a warrant to search for physical objects whose relevance is more easily ascertainable. In searches for papers, it is certain that some innocuous documents will be examined, at least cursorily, in order to determine whether they are, in fact, among those papers authorized to be seized . . . [R]esponsible officials, including judicial officials, must take care to assure that they are conducted in a manner that minimizes unwarranted intrusions upon privacy.

*Andresen v. Maryland*, 427 U.S. at 482 n.11 (1976). "The dawn of the Information Age has only heightened those concerns." *United States v. Cioffi*, 668 F. Supp. 2d 385, 392 (E.D.N.Y. 2009). As the Tenth Circuit explains:

> The modern development of the personal computer and its ability to store and intermingle a huge array of one's personal papers in a single place increases law enforcement's ability to conduct a wide-ranging search into a person's private affairs, and accordingly makes the particularity requirement that much more important.

*United States v. Otero*, 563 F.3d 1127, 1132 (10th Cir. 2009).

The Search Warrant and resulting search met none of these criteria.

*First*, the Search Warrant application lacked probable cause. "Probable cause exists, if under the totality of the circumstances, a showing of facts can be made sufficient to create a fair probability that evidence of a crime will be found in the place to be searched." *United States v. Wallace*, 550 F.3d 729, 732 (8th Cir.2008) (citations and internal quotation marks omitted). Here, at best, the probable cause determination consisted of little more than speculation that a crime actually occurred. In essence, the government appears to be asserting that large profits in a restaurant operation necessarily indicate fraud.

*Second*, the Search Warrant was overbroad and lacked particularity. The Search Warrant authorized the seizure of the entire contents of the Google Account, including draft emails and lists of contacts, and as such, it essentially authorized whole-sale rummaging through the account user's personal communications and affairs, unlimited by scope or time.

*Third*, the search conducted pursuant to the Search Warrant exceeded its authorized scope. *See United States v. Weinbender*, 109 F.3d 1327, 1329–30 (8th Cir.1997) ("the manner in which a warrant is executed is always subject to judicial review to ensure that it does not traverse the general Fourth Amendment proscription against unreasonableness") (quoting *Hummel–Jones*

*v. Strope*, 25 F.3d 647, 650 (8th Cir.1994)). The government seized the entire contents of the Google Account, although the warrant only authorized seizure of items relevant to fraud charges.

Finally, the government may not rely on the good faith exception announced in *United States v. Leon*, 468 U.S. 897, 921 (1984), because the agents' reliance on the Search Warrant was objectively unreasonable.

At the very least, a hearing should be held pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).

Mr. Ahmed joins in the arguments made in the motions filed by co-defendants to suppress the fruits of the Search Warrant or other search warrants issued in this case to the extent they are relevant to this motion. In addition, he reserves the right to supplement this motion based on discovery provided to counsel this week and any future discovery.

## CONCLUSION

For the foregoing reasons, defendant Abdihakim Ahmed respectfully requests that the Court grant his motion to suppress the fruits of the Search Warrant.

Date:   Minneapolis, Minnesota                     Respectfully Submitted.
        December 15, 2023

                                                   */s/ Janeanne Murray*

                                                   JANEANNE MURRAY
                                                   Registration No. 0394887
                                                   Murray Law LLC
                                                   Attorneys for Abdihakim Ali Ahmed
                                                   The Flour Exchange Building
                                                   310 Fourth Avenue South
                                                   Minneapolis, MN 55415
                                                   Tel. (612) 339-5160