UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>vs.<br><br>Aimee Marie Bock (1),<br><br>             Defendant. | CRIMINAL NO: 22-CR-223 (NEB/TNL) |

## DEFENDANT'S MOTION TO DISMISS THE INDICTMENT OR, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS

The Government returned a multiple count indictment against Defendant Aimee Marie Bock (hereinafter "Defendant"), alleging that she conspired with multiple individuals to receive kickbacks in the Federal Nutrition Food Program in violation of Title 18, United States Code, §371, §1343, §1956 and §1957.  (Doc. 1).

However, the indictment is fatally defective because it fails to assert with sufficient clarity Defendant's connection to the crimes at issue.  The government alleged that Feeding Our Future retained "10 to 15 percent of the funds as an administrative fee in exchange for sponsoring the sites, submitting reimbursement claims, and disbursing the federal funds." (Id at ¶8).  Sponsoring organizations charging administrative fees are lawful.  See 7 CFR  225, 7 CFR § 226.4(a), 7 CFR § 223.6(f)(iv), and 7 CFR §226.15(e)(6)(i). The Department of Agriculture and Minnesota Department of Education authorizations therefore entitled Feeding Our Future to use those fees for administrative

1

purposes. The Government has not alleged that Defendant Bock used the funds she procured pursuant to 7 CFR 225 and 7 CFR 226 for any other purpose than planning, organizing, and managing a food service. Instead, the Government summarily classifies these administrative fees as kickbacks.

Motions to dismiss are generally governed by Rules 7 and 12 of the Federal Rules of Criminal Procedure. Under Rule 12, "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). When there is a facial challenge to an indictment, the court must determine whether the indictment is legally sufficient.

To be legally sufficient on its face, an indictment must contain all the essential elements of the offense charged and must fairly inform the defendant of the crime with which he is being charged in sufficient detail so that he may prepare a defense. *See* Fed. R. Crim. P. 7(c); *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Bowie,* 618 F.3d 802, 817 (8th Cir. 2010); *United States v. Huggans*, 650 F. 3d 1210, 1217 (8th Cir. 2011).

"An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense…" *Huggans*, 650 F.3d at 1218 (quoting *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009)). An indictment is also ordinarily deemed sufficient if it "tracks the statutory language." *United States v. Wearing*, 837 F.3d 905, 910 (8th Cir. 2016) (citing *United States v. Tebeau*, 713 F.3d 955, 962 (8th Cir. 2013)). In reviewing the sufficiency of an indictment, the Government's allegations are accepted as true, without reference to allegations

outside the indicting document. *United States v. Farm & Home Savings Association*, 932 F.2d 1256, 1259, n.3 (8th Cir. 1991).

Even if all allegations are accepted as true, this indictment fundamentally does not allege a crime. Here, the indictment sets out the date that the alleged offense occurred but fails to state that the administrative fee changed by Feeding Our Future is lawful and that the fees were not paid to Defendant. The indictment also failed to note that Defendant Bock actively reported organizations that she suspected of fraudulent activity. Further, the indictment failed to state which of the Defendant's conduct could be classified as unlawful. Therefore, the Government presupposes fraudulent activity to classify an otherwise legal collection of administrative fees as fraudulent. Such circular reasoning is not sufficient to support an indictment.

Even assuming for a moment that Defendant was the recipient of kickbacks, there are no allegations that kickbacks are inherently fraudulent. *New York v. Amgen Inc.*, 652 F.3d 103, (1st Cir. 2011) deals precisely with this issue. In this case, the court addresses an issue relating to whether Medicaid claims affected by kickbacks are eligible for Medicaid payment. But the court seems to reject the notion that it is settled law that kickbacks are inherently fraudulent practices. See *Amgen*, 652 at 112 ("[the assertion] that [i]t is widely recognized on both the federal and State levels that kickback schemes are fraudulent practices under Medicaid and Medicare . . . stretches to broadly."). Instead, the court turns to relevant state law to determine whether kickbacks are indeed fraudulent. This was enough for the court in *Amgen* to dismiss the claim based on State law in Georgia while it allowed the claims to proceed that made clear kickbacks are

3

considered fraudulent. *Id.* at 116.  Like Medicaid, the implementation is a Child Nutrition Program is a program that is delegated to the states with a federal oversight framework. Therefore, the same reasoning applies here. Regarding federal anti-fraud statutes, there are only statutes relating to the health industry. There are no analogous anti-fraud statutes in Minnesota or relating to FDA programs that explicitly define kickbacks as fraudulent per se.

Therefore, because the indictment in this case makes no claim that the kickback is illegal, they have not alleged any illegal activity.

Regardless, Defendant maintains that she received no kickbacks while in her role as executive director of Feeding our future.

Notwithstanding the prior arguments, in the event that the Court finds that the indictment provides enough information to fairly inform Defendant of the crime with which she is being charged, Defendant herein brings an alternative motion for a bill of particulars.  "If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009) (citing Fed. Crim. P. 7(f)). A bill of particulars "serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial" and to "avoid or minimize the danger of surprise at trial." *Id*. (quoting *United States v. Hernandez*, 299 F.3d 984, 989-990 (8th Cir. 2002)). However, "a bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will

present at trial." *Livingstone*, 576 F.3d at 883; *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011).

Here, the indictment fails to state any facts beyond the general notion that Defendant conspired with a myriad of individuals to receive kickbacks in the Federal Child Nutrition Program in the State of Minnesota through the Minnesota Department of Education. The indictment does not provide enough information sufficient for Defendant to know the nature of the charge against her, being that charging administrative fees in the program is lawful.

Because the Government brought an indictment that fails to assert with sufficient clarity the connection between Defendant and the offenses, the indictment must be dismissed. Furthermore, the indictment on its face does not contain all the essential elements of the offense charged and does not fairly inform Defendant of the charge against her and for which she must defend. Therefore, Defendant seek dismissal of the indictment.

**KENNETH UBONG UDOIBOK, P.A.**

December 14, 2023

/s/Kenneth U. Udoibok
Kenneth U. Udoibok (#0262523)
Flour Exchange Building, Suite 5010 310 Fourth Avenue South
Minneapolis, MN 55415
Phone: (612) 808-6031
k@kenulaw.com

**ATTORNEY FOR DEFENDANT
AIMEE MARIE BOCK**