UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                              Plaintiff,<br>              - against -<br>ABDIHAKIM ALI AHMED,<br>                              Defendant. | MOTION TO SEVER<br>22-CR-223 (NEB/TNL) |

Defendant Abdihakim Ali Ahmed, by and through his attorney, hereby moves the Court pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure for an order severing his trial from that of his co-defendants. This motion is made at this time to preserve the issue, as the landscape of defendants choosing to exercise their right to trial, the complete universe of discovery as well as the subset of evidence to be presented at trial, and the nature of individual defenses have not yet been fully determined. The grounds for this motion are as follows:

1. The indictment alleges a sprawling series of overlapping and distinct conspiracies and Mr. Ahmed is not properly be joined for trial with several of his other defendants under Rule 8(b) of the Federal Rules of Criminal Procedure, which permits joinder when defendants are "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." *Id*.

2. In a case with millions of documents and over a dozen co-defendants, the jury may be "unable to compartmentalize the evidence as it relates to the separate defendants." *United States v. Washington*, 318 F.3d 845, 858 (8th Cir. 2003). In particular, "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability, the risk of prejudice is heightened." *Zafiro v. United States,* 506 U.S. 534, 539 (1993).

3. Prejudicial evidence will potentially be introduced as to other co-defendants which would be inadmissible against Mr. Ahmed in a separate trial. *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006) ("[p]rejudice can be demonstrated by showing that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants because of a 'prejudicial spillover effect'") (quotation omitted).

4. Co-defendant's statements may be introduced at trial presenting a Confrontation Clause problem in violation of *Bruton v. United States*, 391 U.S. 123 (1968).

5. Mr. Ahmed's defense may be irreconcilable with that of another defendant. *Washington*, 318 F.3d at 858.

6. It may transpire that there exists exculpatory testimony which would be available in a separate trial, which would not be available in a joint trial." *United States v. Foote*, 920 F.2d 1395, 1399 (8th Cir. 1990) (quotation omitted).

In short, a joint trial with all the other co-defendants in this case would be prejudicial to Mr. Ahmed, and, as such, he requests that he be tried alone.

Dated: Minneapolis, Minnesota
December 15, 2023                              Respectfully Submitted.


                                               /s/

                                               JANEANNE MURRAY
                                               Registration No. 0394887
                                               Murray Law LLC
                                               Attorney for Abdihakim Ali Ahmed
                                               310 South Fourth Avenue, Suite 5010
                                               Minneapolis, MN 55415
                                               Tel. (612) 339-5160