UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-cr-223 (NEB/DTS)

---

United States of America,

    Plaintiff,

v.

Ahmed Abdullahi Ghedi,

    Defendant.

**DEFENDANT AHMED ABDULLAHI GHEDI'S RESPONSIVE MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

---

## BACKGROUND AND PURPOSE

On December 21, 2023, Defendant Ahmed Abdullahi Ghedi ("Defendant" or "Ghedi") filed a motion *(Dkt. 207)* seeking dismissal of Counts 1, 2, 5, 12, 41, 43, 46 and 56 of the Grand Jury Indictment filed on September 13, 2022. The grounds for this motion were outlined, in detail, in a six-page pleading.[1] Following a motion hearing, the Court directed the government to supply a written response to Ghedi's motion. The government submitted its consolidated response to defendants' pretrial motions on June 28, 2024. *(Dkt. 308)*. This Memorandum responds to that pleading insofar as it addresses the motion to dismiss filed by Ghedi.

## ARGUMENT

**I.    THE GOVERNMENT FUNDAMENTALLY FAILED TO ADDRESS THE DEFECTS NOTED IN GHEDI'S MOTION TO DISMISS (DKT. 207).**

In essence, the government's response was nothing more than a blanket assertion that the Indictment against Ghedi met its obligations because it generally tracked the language of the statute and, at least according to the government, "contains all of the essential elements of the

---

[1] The motion conceded that Count 15 of the Indictment was sufficient to avoid dismissal, but Defendant asserted that, although properly plead, he was not guilty of that offense.

offense charged…" *(Dkt. 308, p. 7)*. However, Defendant's motion began by conceding that Fed. R. Crim. P. 7(c)(1) requires nothing more than:

> The indictment…must be a plain, concise and definite written statement of the *essential facts* constituting the offense charged…

(Emphasis supplied). Defendant's motion also conceded that an indictment was legally sufficient on its face if it contained all the essential elements of the offense charged and fairly informed the defendant of the crime asserted in sufficient detail that he may prepare a defense. *Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Sewell, 513 F.2d 820, 822 (8th Cir. 2008); United States v. Hayes, 574 F.3d 460, 472 (8th Cir. 2009)*. This is, in essence, the substance of what the government had to say in response to Defendant's motion. The government overlooked the next five pages of Defendant's motion which outlined, in detail, how the Indictment, in a frenzied effort to pillory Ghedi and his co-defendants, overlooked reciting critical elements of most of the offenses charged in the Indictment.

Instead, the government recast Ghedi's motion as one which, somehow, demanded the government "must go far beyond what is legally required and 'reveal evidence' in the charging instrument to support the well pleaded elements of the charges." *(Dkt. 308, p. 8)*. That is not at all what the Defendant expects of the government. Instead, since the government, for publicity or other reasons, decided to go well beyond a traditional indictment and, instead, published a 58-page catalogue of incendiary accusations, Ghedi simply asks the Court to examine that document to ascertain whether, in reality, it makes sufficient accusations against Ghedi—not Aimee Bock ("Bock") or other co-defendants—to sustain the charges against him. The motion, as originally filed, outlined precisely why the Indictment, in multiple ways, failed to do so.

The government was either unable to rebut those claims or chose to ignore them in its consolidated response. The only effort made by the government to address Ghedi's motion was

to suggest that two paragraphs in the Indictment (paragraphs 144 and 199) gave the Defendant "sufficient notice of the charged offenses…" and "adequately [alleged] each of the charged counts." In reality, paragraph 144 of the Indictment relates to wire fraud counts 2-14. Paragraph 144 is simply an introductory paragraph broadly alleging that each of the defendants participated in a scheme and artifice to defraud and obtain money by materially false and fraudulent pretenses, representation, promises and by concealment of material facts. This paragraph, itself, states that the defendants' involvement in this particular scheme is "as set forth below…" and, as a consequence, requires reference to the specific count alleged against that particular defendant. There is nothing unreasonable about this particular manner of pleading until one turns to the specific allegations made against Ghedi. Ghedi is referenced in Counts 2, 5 and 12. With respect to Count 2, the wire fraud mentions an email sent by co-defendant Bock to the Minnesota Department of Education (MDE) containing an application to open a food service site on behalf of ASA Limited. Count 5 relates to an email, again sent by Bock, to MDE with the subject line "for profit restaurant clarifications." Count 12 involves an email sent by Abdihakim Ahmed ("Ahmed") to Bock purportedly containing "fraudulent meal counts and a fake roster for the ASA Limited site…" Here, the problem is that, even if the emails were rife with fraud, there is no allegation that Ghedi authored the email, received the email, was aware of the email or, if so, knew of its fraudulent content and purpose.

  In a previous submission, *(Dkt. 255),* the government addressed this concern by arguing, without citing any authority, that the federal wire fraud statute required "only that the wiring be transmitted or caused to be transmitted by the defendant in furtherance of the fraud scheme." *(Dkt. 255, p. 29).* Of course, none of the cited paragraphs actually assert Ghedi transmitted or caused to be transmitted the emails alleged in these counts. Instead, others, primarily Bock and

3

Ahmed, sent the emails. The government, again in its previous submission, suggested that because Ghedi was a part owner of ASA Limited, LLC and because that business enterprise was the subject of the email, this was a sufficient connection to support the indictment of Ghedi. *(Id., p. 28).*

This argument is, frankly, absurd. The government is essentially contending that it can indict Ghedi based on emails, admittedly drafted by third parties and sent to other unrelated entities, without bothering to allege that Ghedi knew or participated in the emails simply because Ghedi was the part owner of a business which profited from the questionable transaction. This blatantly misapprehends the elements of the charged offense. The Eighth Circuit has declared that wire fraud, under 18 U.S.C. §§1341, 1343 and 1349 requires "proof that the defendant willfully participated in a scheme with knowledge of its fraudulent nature and with intent to achieve illicit objectives." *United States v. Hagen, 917 F.3d 668, 672 (8th Cir. 2019)*. See also *United States v. Bailey, 859 F.2d 1265, 1273 (7th Cir. 1988); United States v. Louper-Morris, 672 F.3d 539, 555-557 (8th Cir. 2012).* Here, the fatal defect is the absence of any allegation that Ghedi knew or participated in these email exchanges or understood them to have a fraudulent content or objective. To extend liability as broadly as the government suggests would essentially expose the fractional owner of every business, large and small, to liability based on the conduct of other persons without requiring the government to allege, let alone prove, knowledge and scienter on the part of the indited individual. [2]

The government also suggests sufficient detail to support the charges against Ghedi is found in paragraph 199 of the Indictment. Paragraph 199 relates to money laundering counts set

---

[2] Recently, Boeing agreed to plead guilty to a fraudulent conspiracy relating to Boeing 737 crashes occurring in 2018 and 2019. https://www.politico.com/news/2024/07/08/boeing-doj-guilty. Utilizing the government's rationale in this case, that would be sufficient to indict countless Boeing employees and shareholders as co-conspirators without regard to their actual knowledge, intent and participation in the corporate fraud.

4

forth in paragraphs 42-61 of the Indictment. Ghedi is indicated in four of these counts, 43, 46, 53 and 56 involving purchase of various automobiles. However, as noted in Ghedi's initial motion, the conclusory allegations of paragraph 199, in relation to a host of defendants, are belied by the failure to allege that Ghedi was aware of the true character of the proceeds involved in these transactions in the more specific paragraphs relating to Ghedi's activities set forth earlier in the Indictment (paragraphs 39-41, 72-79 and 81-84).

Finally, the government's response appears to entirely ignore Ghedi's challenge to Count 1 of the Indictment. Accordingly, the Defendant will simply rely on the information set forth in his motion with respect to that portion of the relief sought by him.

## CONCLUSION

For the above-stated reasons, Defendant Ahmed Abdullahi Ghedi respectfully requests the Court grant his motion to dismiss Counts 1, 2, 5, 12, 41, 43, 46, and 56 of the Indictment.

Dated: July 11, 2024

Respectfully submitted,

MITCHELL, BRUDER & JOHNSON
*/s/ Glenn P. Bruder*
Attorney for Defendant
9531 West 78th Street
Suite 210
Eden Prairie, MN 55344
(952) 831-3174