UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CR-223 (NEB/DTS) |
| Plaintiff, | |
| v. | **DEFENDANT ABDI NUR SALAH'S MOTION IN LIMINE** |
| ABDI NUR SALAH (6), | |
| Defendant. | |

_____

On January 6, 2025, the government provided notice to Mr. Salah that it may seek to introduce evidence that he failed to disclose to his employer income he earned from entities involved in "the fraud scheme, including funds he disguised as 'consulting' payments." Specifically, the government alleges that Mr. Salah, in his capacity as Senior Policy Advisor to Mayor Jacob Frey, was required to obtain written permission before accepting outside employment or entering into a consulting contract to provide services outside his city employment and failed to do so.

The Court should exclude the noticed evidence because it is not intrinsic to the charge of conspiracy to commit wire fraud or conspiracy to launder money. Its admission introduces a significant risk of undue prejudice, and it fails to meet Rule 404(b)'s criteria for admissibility.

**A. The Government Fails to Establish the Evidence is Admissible as Direct Evidence of the Charged Offense.**

Courts distinguish between intrinsic evidence and extrinsic evidence. See *United States v. Buckner*, 868 F.3d 684 (8th Cir. 2017). Intrinsic evidence is evidence of wrongful conduct that

1

"is offered for the purpose of providing the context in which the charged crime occurred." *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006). It "includes both evidence that is inextricably intertwined with the crime charged as well as evidence that merely 'completes the story' or provides context to the charged crime." *United States v. Guzman*, 926 F.3d 991, 1000 (8th Cir. 2019) (internal quotation marks and citation omitted). In other words, Intrinsic evidence "tends logically to prove any element of the crime charged," and is "admissible as an integral part of the immediate context of the crime charged." *United States v. Jackson,* 913 F.3d 789, 792 (8th Cir. 2019). There is no evidence, nor could there be that a requirement by the City that may or may not have existed, or may or may have not been enforced, tends to logically prove any evidence of the crimes charged against Mr. Salah.

### B. The Government Also Fails to Establish that the Evidence is Admissible Under Rule 404(b).

To be admissible under Rule 404(b), evidence must be "(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) of higher probative value than prejudicial effect; and (4) similar in kind and close in time to the crime charged." *United States v. Vieth*, 397 F.3d 615, 617-18 (8th Cir. 2005) (citations and internal quotations omitted).

The government bears the burden of "clearly articulating how the evidence fits into a chain of logical inferences, no link of which can be the inference that because the defendant failed to seek written permission for consulting outside of his employment, he is more likely to have committed the charged offenses." *United States v. Brown,* 765 F.3d 278, 292-93 (3d Cir. 2014).

Lastly, Rule 404(b) explicitly forbids using evidence of other crimes, wrongs, or acts to prove character in order to demonstrate action in accordance therewith. Although the rule acknowledges certain exceptions, the evidence in the notice does not adequately fulfill any of the requisite conditions (such as establishing motive, opportunity, or intent) that would justify its inclusion.

Here, the evidence that the government seeks to introduce would invite the jury to speculate and conclude that because Mr. Salah failed to comply with a requirement of his employment, he must have committed the charged offenses. "When intent is an essential element of the charged crime, prior bad acts evidence directed to intent can easily be nothing more than propensity evidence." *United States v. Miller*, 673 F.3d 688, 700 (7th Cir. 2012) (vacating conviction).

If the Court were to find that this evidence somehow fits within a 404(b) exception, the Rule 403 balancing weighs against admitting it. The introduction of this evidence should be precluded because the unfair prejudice from the allegation substantially outweighs any minimal probative value. It has the potential to prejudice Mr. Salah by insinuating moral shortcomings that are extraneous to the legal parameters of the charged crime. This evidence is unfairly prejudicial because "it is so inflammatory on its face" and likely to distract the jury's focus from the pivotal issues of the trial. See *United States v. Fechner*, 952 F.3d 954, 958 (8th Cir. 2020) (citing *United States v. Betcher*, 534 F.3d 820, 825 (8th Cir. 2008)). This serious risk of jury confusion is reason enough to exclude any evidence related to these policies. See *Old Chief v. United States,* 519 U.S. 172, 180 (1997) (explaining that evidence is inadmissible when it "lures the factfinder into declaring guilt on a ground different from proof specific to the offense charged"). The prejudicial effect of this evidence substantially outweighs any probative value it may hold, justifying its exclusion under the Rule 403 balancing test. This evidence will "cast a shadow over the remaining evidence" and prevent Mr. Salah from being adjudicated based only on the strength of the evidence of the crimes with which he is charged. *United States v. Burkhart*, 458 F.2d 201, 208 (10th Cir. 1972).

## CONCLUSION

Based on the foregoing, this Court should preclude the admission of any evidence of an alleged violation of Mr. Salah's employment contract with the City or reference such evidence in the government's opening statement.

Respectfully submitted,

**CHESTNUT CAMBRONNE PA**

Dated: January 10, 2025

By /s/ Brian N. Toder
Brian N. Toder, #17869X
100 Washington Avenue South
Suite 1700
Minneapolis, MN 55401
(612) 339-7300
Fax (612) 336-2940
btoder@chestnutcambronne.com
**ATTORNEYS FOR DEFENDANT**