UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-223 (NEB/DTS)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. AIMEE MARIE BOCK,
3. SALIM SAID,
4. ABDULKADIR NUR SALAH, and
6. ABDI NUR SALAH,

    Defendants.

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE IMPROPER DEFENSES**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Joseph H. Thompson, Harry M. Jacobs, Matthew S. Ebert, and Daniel W. Bobier, Assistant United States Attorneys, respectfully submits the following motion in limine to exclude improper defenses.

    **A.    Advice-of-Counsel Defense**

Counsel have not indicated that they intend to offer an advice-of-counsel defense for any defendant. Should that position change, however, the defendants are nonetheless precluded from seeking an advice-of-counsel defense in this case.

Alleging that one acted on advice of counsel is not a freestanding defense but can be used to negate the mens rea of "willful and unlawful intent." *Williamson v. United States*, 207 U.S. 425, 453 (1908); *see also United States v. Blagojevich*, 794 F.3d 729, 741 (7th Cir. 2015) (citation omitted). In other words, an advice-of-

counsel defense can only be pursued if the charged offense is a specific-intent crime or has a scienter requirement of willfulness. *United States v. Powell*, 513 F.2d 1249, 1251 (1975). "To rely upon the advice of counsel in his defense, a defendant must show that he: (i) fully disclosed all material facts to his attorney before seeking advice; and (ii) actually relied on his counsel's advice in the good faith belief that his conduct was legal." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006); *see also* Model Crim. Jury Instr. 8th Cir. § 9.09 (2021).

The defendants have not presented any evidence supporting an advice-of-counsel defense, let alone met their burden of proof. Absent such a showing, they are not entitled to assert any advice-of-counsel defense at trial.

### B.    Mistake-of Law Defense

Defendants cannot absolve themselves of liability by claiming ignorance or a misapprehension of the law. *See United States v. Moreira-Bravo*, 56 F.4th 568, 478 (8th Cir. 2022) (noting "the common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally"). Any argument that they mistakenly relied on their belief that they were in compliance with the law would invite jury nullification based on a mistake-of-law defense. That would be improper. The law is plain that a defendant cannot suggest in any way that the jury should acquit him even if it finds that the government has met its burden of proof. *See United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997) ("We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to

prevent."); *Scarpa v. Dubois*, 38 F.3d 1, 11 (1st Cir. 1994) (noting that "defense counsel may not press arguments for jury nullification in criminal cases"); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("Neither court nor counsel should encourage jurors to exercise [nullification] power. . . . A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification.").

Dated: January 8, 2025　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　ANDREW M. LUGER
　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　*/s/Joseph H. Thompson*

　　　　　　　　　　　　　　　　　BY:　　JOSEPH H. THOMPSON
　　　　　　　　　　　　　　　　　　　　　HARRY M. JACOBS
　　　　　　　　　　　　　　　　　　　　　MATTHEW S. EBERT
　　　　　　　　　　　　　　　　　　　　　DANIEL W. BOBIER
　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorneys