UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-223 (NEB/DTS)

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. AIMEE MARIE BOCK,
3. SALIM SAID,
4. ABDULKADIR NUR SALAH,
   and
6. ABDI NUR SALAH,

Defendants.

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE ARGUMENT OR EVIDENCE DESIGNED TO ELICIT JURY NULLIFICATION**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Joseph H. Thompson, Harry M. Jacobs, Matthew S. Ebert, and Daniel W. Bobier, Assistant United States Attorneys, respectfully submits the following motion in limine to preclude argument or evidence designed to elicit jury nullification.

This Court should preclude the defendants from arguing, or otherwise presenting evidence or pursuing lines of inquiry designed to elicit, jury nullification. The law is plain that it is improper for a defendant to suggest in any way that the jury should acquit the defendant even if it finds that the government has met its burden of proof. *See, e.g.*, *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of

the jury or of the defendant.") (citing *United States v. Kerley*, 838 F.2d 932, 938 (7th Cir. 1988) and *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993)); *see also United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification . . . [is] an 'aberration under our system.'") (quoting *United States v. Anderson*, 716 F.2d 446, 450 (7th Cir. 1983)); *see generally Scarpa v. Dubois*, 38 F.3d 1, 11 (1st Cir. 1994) (noting that "defense counsel may not press arguments for jury nullification in criminal cases"); *Sepulveda*, 15 F.3d at 1190 ("Neither court nor counsel should encourage jurors to exercise [nullification] power. . . . A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification.").

Although the government is unable to anticipate each form of "jury nullification" argument or evidence the defendants may seek to interject into this trial, the United States has reason to believe that the defendants may attempt to put the government on trial by introducing evidence and argument concerning the United States' motivation for conducting the criminal investigation and prosecution of this case. *See United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument"); *United States v. Berrigan*, 482 F.2d 171, 174-76 (3d Cir. 1973) (affirming exclusion of evidence relating to "discriminatory prosecution"). It is settled law that inquiries regarding the subjective intentions or motivations of a government agent are irrelevant to determining the factual guilt or innocence of a defendant. *See, e.g., United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (noting, even in the

context of an entrapment defense, it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant").

Similarly, questions and arguments about the defendants' race, ethnicity, culture, or religion should be precluded unless they are shown to have relevance to the question of whether the government has met its burden. In the trial of a related case in 2024, the defense cross examined government law enforcement agents at length regarding their experience with east African culture and food and the Islamic faith. For example, one FBI agent was asked whether he had ever had "spicy camel liver" for breakfast. The implication of these questions appeared to be that the defendant's cultural or religious background and beliefs, and law enforcement's knowledge or lack of knowledge of such, could negate guilt even if the government had carried its burden of proof.

Courts in this District have repeatedly held that "arguments or evidence by [the defendant] encouraging jury nullification lack any relevance or probative value and are contrary to the instructions that [courts] will provide to the jury." *See, e.g.*, *United States v. Mayer*, No. 19-cr-96 (WMW), 2021 WL 2434121, at *5 (D. Minn. June 15, 2021) (granting government's motion in limine to preclude jury nullification argument and evidence). Consistent with this District's treatment of jury nullification, the United States requests that the Court grant its motion seeking to prohibit jury arguments related to jury nullification.

Dated: January 8, 2025        Respectfully Submitted,

ANDREW M. LUGER
United States Attorney


*/s/Joseph H. Thompson*

BY:   JOSEPH H. THOMPSON
HARRY M. JACOBS
MATTHEW S. EBERT
DANIEL W. BOBIER
Assistant United States Attorneys