UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-223 (NEB/DTS)

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

1. AIMEE MARIE BOCK,
3. SALIM SAID,
4. ABDULKADIR NUR SALAH,
   and
6. ABDI NUR SALAH,

        Defendants.

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF HEARSAY MATERIALS AND TO PRECLUDE DEFENSE FROM ATTEMPTING TO INTRODUCE EXHIBITS THROUGH GOVERNMENT WITNESSES IN THE PRESENCE OF THE JURY**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Joseph H. Thompson, Harry M. Jacobs, Matthew S. Ebert, and Daniel W. Bobier, Assistant United States Attorneys, respectfully submits the following motion in limine to preclude the defense from attempting to introduce hearsay materials and, through government witnesses and in the presence of the jury, defense exhibits that lack proper foundation and authentication.

**I.   BACKGROUND**

The indictment alleges that the defendants carried out a massive fraudulent scheme to obtain federal child nutrition program funds. As part of that scheme, sites operating under the sponsorship of Feeding Our Future fraudulently claimed to be serving meals to thousands of children a day at an array of federal child nutrition program sites around the state. In support of these claims, the sites created and

submitted fraudulent meal counts, invoices, and attendance rosters. Despite knowing these claims were fraudulent, defendant Bock and other Feeding Our Future employees submitted the claims to the Minnesota Department of Education and then disbursed the fraudulently obtained federal child nutrition program funds to the individuals and entities involved in the fraudulent scheme.

Bock and other Feeding Our Future employees solicited and received kickbacks and bribes. In exchange for those payments, they provided "VIP treatment" for those individuals, their entities, and their fraudulent claims. Bock and Feeding Our Future submitting such fraudulent claims to MDE. They also created their own fake paperwork purporting to document Feeding Our Future employees visiting and monitoring sites under its sponsorship. But this paperwork, like the meal counts and rosters submitted by the fraudulent sites, was fraudulent and created to support the fraudulent claims.

Moreover, during much of the course of the fraudulent scheme, Bock and Feeding Our Future pursued active litigation against the Minnesota Department of Education. As alleged in the indictment, in the summer and fall of 2020, MDE became increasingly concerned about the number of sites being opened under the sponsorship of Feeding Our Future as well as the massive amount of federal child nutrition program reimbursements being claimed by those sites. When MDE began to scrutinize Feeding Our Future submissions and sites under its sponsorship, Feeding Our Future responded by suing MDE. On November 20, 2020, Feeding Our Future filed a lawsuit against MDE in Ramsey County District Court. Among other things,

Feeding Our Future's lawsuit claimed that MDE violated the Minnesota Human Rights Act by discriminating against and refusing to do business with Feeding Our Future and the community it served on the basis of their "race, national origin, color, and religion." The lawsuit claimed that because of MDE's discrimination, "thousands of qualified children in low-income and minority communities are going without desperately needed federal food programs," including "low-income and minority children that have been disproportionately impacted by a global pandemic and widespread social unrest."

Feeding Our Future's legal battle with MDE continued into 2021. In the spring of 2021, during this litigation, MDE began requiring entities participating in the federal child nutrition program to submit more documentation supporting their claims, including meal counts, invoices, and attendance rosters.

## II.   THE DEFENDANTS SHOULD NOT BE ALLOWED TO ADMIT FAKE DOCUMENTS CREATED IN FURTHERANCE OF THE FRAUD SCHEME

Defendant Bock has provided an exhibit list that identifies more than 800 potential exhibits, most of which appear to be fake or fraudulent documents created by individuals involved in the fraud scheme.[1] Bock's list includes meal counts, invoices, claims submissions, meal delivery authorization forms, photographs, videos, audio recordings, and site monitoring forms created and submitted in support of fraudulent claims.

---

[1] Although the Court's pretrial order required the parties to exchange exhibit lists and make exhibits available by January 6, neither Bock nor Abdulkadir Salah has yet made their exhibits available to the government. Defendant Salim Said has not provided a list nor any exhibits.

### A. These Documents Are Hearsay

The government moves to preclude the admission of these documents on the grounds that they contain inadmissible hearsay. As an initial matter, insofar as Bock intends to admit these exhibits to show that meals were actually provided at the sites or that Feeding Our Future employees actually supervised and monitored the distribution of food at those sites, they are inadmissible hearsay (or even hearsay imbedded within hearsay). Federal Rule of Evidence 802 bars the admission of out-of-court statements offered as proof of the matter asserted. Here, the defendants should be precluded from admitting the documentation they created to support their fraudulent claims as proof that their claims were not fraudulent.

Nor are these documents admissible by the defense under the business records exception to the prohibition against hearsay found in Rule 803(6). These documents were not kept in the ordinary course of business—a requirement for the exception's application—but instead were created on an ad hoc basis by various sites or vendors to support fraudulent claims and/or were created in preparation for litigation with MDE. These documents also flunk Rule 803(6)'s requirements because, as materials manufactured to support the scheme, the "method or circumstances of [their] preparation" indicates a lack of trustworthiness. Fed. R. Evid. 803(6).

### B. These Documents Lack Foundation Absent Supporting Testimony from a Witness Who Can Vouch for Their Authenticity

Even setting aside that these materials are inadmissible hearsay, they also lack proper foundation. The defense should be precluded from introducing documentation created in support of their fraudulent claims without establishing

4

proper foundation and authentication through testimony from a witness with knowledge that the item is what it is claimed to be.

In particular, the defense should be precluded from showing such exhibits to government witnesses in the presence of the jury when the witness cannot lay a foundation nor establish authenticity because the witness did not create, has not reviewed, and has no familiarity with the exhibit. The typical line of questioning to lay foundation (which often details the contents of the document, photograph, or video) is highly prejudicial if the exhibit ultimately is not admitted into evidence. In the trial of a related case in 2024, this happened on several occasions. Such questioning should not be permitted as a back-door method of exposing inadmissible and untrustworthy documents and evidence to the jury.

To the extent the defense believes a government witness can lay a proper foundation for authenticity and relevance of an exhibit that the witness is unfamiliar with and has not previously reviewed, such colloquy should take place outside of the presence of the jury.

Dated: January 10, 2025                     Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

*/s/Joseph H. Thompson*

BY:   JOSEPH H. THOMPSON
      HARRY M. JACOBS
      MATTHEW S. EBERT
      DANIEL W. BOBIER
      Assistant United States Attorneys