UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-223 (NEB/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE ARGUMENT OR INQUIRY TO THE GOVERNMENT'S INVESTIGATION** |
| 1. AIMEE MARIE BOCK, <br> 3. SALIM SAID, <br> 4. ABDULKADIR NUR SALAH, and <br> 6. ABDI NUR SALAH, | |
| Defendants. | |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, Joseph H. Thompson, Harry M. Jacobs, Matthew S. Ebert, and Daniel W. Bobier, Assistant United States Attorneys, respectfully submits the following motion in limine to preclude improper references to the government's investigation, including questioning or seeking to admit evidence of investigative steps not taken by the government.

Evidence that is irrelevant under Fed. R. Evid. 401, or that would confuse the issues and mislead the jury under Fed. R. Evid. 403, should be excluded. However, at trial the government anticipates that the defendants may seek to divert the jurors' attention from whether the defendants committed the charged crimes to irrelevant argument and inquiry about the government's investigation into the scheme to defraud the Federal Child Nutrition Program. They should not be permitted to do so.

The "quality or bias of a criminal investigation occasionally may affect the reliability of particular evidence in a trial," but this is only true if the defendant can establish a connection between an omission and that evidence. *United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998); *id*. ("There was no trial evidence whose reliability would have been undercut.… To have allowed McVeigh to put the government on trial because there might have been something more the government perhaps could have done…would inevitably divert the jury's attention from the issues of the trial."). Without making a specific and direct link between an investigative omission and a piece of relevant evidence, a defendant risks injecting the trial with the detrimental consequences that Rule 403 is designed to prevent. Fed. R. Evid. 403 ("unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time").

In *United States v. Zaccaria*, 240 F.3d 75 (1st Cir. 2001), for example, the defendant sought to question the case agent about why he did not administer a particular investigative tool, namely, polygraph tests, to certain witnesses. *Id*. at 80. The district court precluded that line of inquiry, finding it "wholly irrelevant, potentially confusing, and unfairly prejudicial." *Id*. The appellate court upheld the district court's evidentiary ruling, explaining:

> [T]he fact that polygraph tests ultimately were not administered could be attributable to any number of reasons (e.g., administrative oversight, lack of time, lack of resources, the personal proclivities of a specific agent, knowledge that the test results would be inadmissible at trial, and so on and so forth). Many (perhaps most) of these possible reasons have no bearing either on the government's bona fides or on the issues in this case. In the absence of a particularized showing that the government was not turning square corners, the district court acted well

>   within its discretion in refusing to let defense counsel embark on a fishing expedition.

*Id*. at 81 (emphasis added).  The court further recognized the potential prejudicial inference that could be drawn by the jury because of the defendant's proposed line of inquiry: "Testimony about the government's non-administration of polygraph examinations would be apt to spark an unwarranted—and profoundly prejudicial—inference that the Secret Service agents believed the test results would be harmful to their cause." *Id*.

Other courts have similarly refused to permit irrelevant speculation about investigation steps or techniques not taken by the government, which have no probative value in determining a defendant's guilt. *See United States v. Veal*, 23 F.3d 985, 989 (6th Cir. 1994) (no abuse of discretion in the district court ruling, based on relevance grounds, that "the jury would not be called upon to determine whether the government's investigation had been good or bad"); *see also* see also *United States v. Saldarriaga*, 204 F.3d 50, 52–53 (2d Cir. 2000) ("The [district court] properly charged the jury to base its decision on the evidence or lack of evidence that had been presented at trial, and to focus solely on whether, in light of that evidence or lack of evidence, the jury was convinced beyond a reasonable doubt that the defendant was guilty of the crimes with which he was charged. The jury correctly was instructed that the government has no duty to employ in the course of a single investigation all of the many weapons at its disposal, and that the failure to utilize some particular technique or techniques does not tend to show that a defendant is not guilty of the crime with which he has been charged.").

In this case, or any other case for that matter, there are any number of reasons why an agent may or may not have taken a particular course of action, whether it be not administering a polygraph (as in *Zaccaria*), not interviewing a particular person, or not pursuing some other line of investigation. The defendants should not be permitted to take a detour from the trial to the investigation without demonstrating how such a line of attack is relevant and not misleading, confusing, or unduly prejudicial.

Accordingly, the defendants should be precluded at trial from making improper allegations, inquiry, or arguments before the jury about the government's investigation, including irrelevant or prejudicial questioning of investigative steps not taken by the government.

Dated: January 10, 2025                              Respectfully Submitted,

                                                                      ANDREW M. LUGER
                                                                      United States Attorney

*/s/ Joseph H. Thompson*

BY:   JOSEPH H. THOMPSON
       HARRY M. JACOBS
       MATTHEW S. EBERT
       DANIEL W. BOBIER
       Assistant United States Attorneys