UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-223 (NEB/DTS)

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

1. AIMEE MARIE BOCK,
3. SALIM SAID,
4. ABDULKADIR NUR SALAH, and
6. ABDI NUR SALAH,

    Defendants.

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE AND ARGUMENT OF LAWFUL BEHAVIOR**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Joseph H. Thompson, Harry M. Jacobs, Matthew S. Ebert, and Daniel W. Bobier, Assistant United States Attorneys, respectfully submits the following motion in limine to exclude evidence of defendants' lawfulness and good conduct on occasions not charged in the indictment, except reputation or opinion evidence offered by character witnesses in accord with the limitations of Federal Rule of Evidence 405(a).

"A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on [other] specific occasions." *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990); *see also, e.g.*, *United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991) ("Evidence of good conduct is not admissible to negate criminal intent."); *Herzog v. United States*, 226 F.2d 561, 565 (9th Cir. 1955) ("A defendant cannot establish his innocence of crime by showing that he did not commit similar

crimes on other occasions."); *United States v. D'Arco*, 1991 WL 264504, at *1 (N.D. Ill. 1991) ("Evidence that defendant acted lawfully on other occasions is inadmissible to prove that he acted lawfully on the occasions alleged in the indictment."). This sort of evidence is plainly irrelevant because a lawful act on one day does not disprove an unlawful act on another day. *See, e.g.*, *United States v. Marrero*, 904 F.2d 251, 260 (5th Cir. 1990) ("The fact that [defendant] did not overcharge in every instance in which she had an opportunity to do so is not relevant to whether she, in fact, overcharged as alleged in the indictment.").

 Consistent with settled law, this Court should preclude the defendants from offering evidence that they acted lawfully on uncharged occasions. Whether they acted lawfully on such occasions has no bearing on the question of whether, on the charged occasions, they knowingly participated in the fraud scheme. To hold otherwise would eviscerate the limitations of Rule 405, which forbids proof of good character through evidence of specific acts where character is not an element of the charge or defense. *See id.* ("[Defendant] sought at trial to use specific acts circumstantially to prove lack of intent. Such a tactic is not only disfavored, it is not permitted under Rule 405(b)."); *United States v. Johnson*, 2011 WL 809194, at *4 (N.D. Ill. 2011) ("[E]vidence of specific lawful acts of Defendants is not properly introduced to show that Defendants did not have the requisite intent to commit the crimes charged"). Therefore, to the extent the defendants intend to offer evidence regarding their character, they should be permitted to do so only in accordance with Federal Rule of Evidence 405(a).

Dated: January 8, 2025                              Respectfully Submitted,

                                                        ANDREW M. LUGER
                                                        United States Attorney

                                                        */s/Joseph H. Thompson*

BY:   JOSEPH H. THOMPSON
        HARRY M. JACOBS
        MATTHEW S. EBERT
        DANIEL W. BOBIER
        Assistant United States Attorneys