UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-223 (NEB/DTS)

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

1. AIMEE MARIE BOCK,
3. SALIM SAID,
4. ABDULKADIR NUR SALAH, and
6. ABDI NUR SALAH,

    Defendants.

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE REFERENCE TO DEFENDANTS' PUNISHMENT OR SENTENCING MATTERS**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Joseph H. Thompson, Harry M. Jacobs, Matthew S. Ebert, and Daniel W. Bobier, Assistant United States Attorneys, respectfully submits the following motion in limine to preclude the defendants or their counsel, in the presence of the jury, from mentioning or referring to the potential punishment, penalty, sentence, or collateral consequence that the defendants may face if convicted at trial.

It is well established that a jury should "reach its verdict without regard to what sentence might be imposed." *Shannon v. United States*, 512 U.S. 573, 579 (1994) (citation omitted). This is because, "in the federal system the traditional role of the jury has been to decide questions of guilt or innocence, and not to determine the proper punishment a defendant should receive." *United States v. Thomas*, 895 F.2d 1198, 1200 (8th Cir. 1990) (emphasis in original). "[P]roviding jurors sentencing

information invites them to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion." *Shannon,* 512 U.S. at 579.

The only issue for the jury to determine in this matter is the defendants' guilt or innocence relating to the charges against them. If convicted, it is solely for the Court to decide what punishment the defendants receive. Any mention or discussion of the punishment the defendants face if convicted is irrelevant to the jury's task and invites confusion and prejudice. Accordingly, the United States moves to preclude the defense—including the defendants, should they take the stand—from referencing any possible punishment following a conviction at trial.

Dated: January 10, 2025                              Respectfully Submitted,

                                                     ANDREW M. LUGER
                                                     United States Attorney

                                                     */s/ Joseph H. Thompson*

                                        BY:          JOSEPH H. THOMPSON
                                                     HARRY M. JACOBS
                                                     MATTHEW S. EBERT
                                                     DANIEL W. BOBIER
                                                     Assistant United States Attorneys