UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-223 (NEB/DTS)

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

1. AIMEE MARIE BOCK,
3. SALIM SAID,
4. ABDULKADIR NUR SALAH, and
6. ABDI NUR SALAH,

        Defendants.

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE REFERENCES TO THE GOVERNMENT'S CHARGING DECISIONS**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, Joseph H. Thompson, Harry M. Jacobs, Matthew S. Ebert, and Daniel W. Bobier, Assistant United States Attorneys, respectfully submits the following motion in limine to preclude references to the government's charging decisions, including questioning why other uncharged individuals, including co-conspirators, were not charged for their roles in the scheme to defraud the Federal Child Nutrition Program.

At trial, the government expects the evidence to show that uncharged individuals and other co-conspirators assisted the defendants in carrying out the scheme to defraud the Federal Child Nutrition Program. The fact that some of these individuals may not have been charged in the instant case is not relevant to the question of whether the defendants participated in the charged conspiracy. *See* O'Malley, Grenig & Lee, Fed. Jury Prac. & Instr. § 12:11 (6th ed. 2024) ("You are here

to determine whether the government has proven the guilt of the defendant[s] for the charge[s] in the indictment beyond a reasonable doubt. You are not called upon to return a verdict as to the guilt or innocence of any other person or persons.").

Any argument that the defendants were somehow singled out for prosecution would amount to a selective prosecution allegation. As the U.S. Supreme Court has stated, "[a] selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). "In the ordinary case, 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" *Id.* at 464 (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)).

Claims of selective prosecution must be raised before trial and resolved outside the presence of the jury. *See United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) (issue of selective prosecution is to be determined by the court); *United States v. Jarrett*, 705 F.2d 198, 204-05 (7th Cir. 1983) (claims of selective prosecution must be raised before trial). In the instant case, no selective prosecution claims are before the Court. Likewise, evidence bearing on the government's decision to prosecute is "extraneous and collateral" and thus excluded from trial. *United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument"); *United States v.*

*Berrigan*, 482 F.2d 171, 174-76 (3rd Cir. 1973) (affirming exclusion of evidence relating to "discriminatory prosecution").

Of course, as a more general matter, it is also settled law that inquiries regarding the subjective intentions or motivations of a government agent are irrelevant to determining the factual guilt or innocence of a defendant. *See, e.g., United States v. Roell*, 487 F.2d 395, 400 (8th Cir. 1974) (holding that officers' "subjective reasons for [defendant's] arrest were properly found to be irrelevant"); *United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (noting that, even in the context of an entrapment defense, it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such evidence was irrelevant").

Accordingly, the defendants should be precluded at trial from making allegations of or arguing selective prosecution to the jury. Making any reference to others having not been prosecuted, and argument about the government's motivations for pursuing the instant case, should likewise be barred.

Dated: January 8, 2025                  Respectfully Submitted,

                                            ANDREW M. LUGER
                                            United States Attorney

                                            */s/Joseph H. Thompson*

BY:    JOSEPH H. THOMPSON
        HARRY M. JACOBS
        MATTHEW S. EBERT
        DANIEL W. BOBIER
        Assistant United States Attorneys