UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-223 (NEB/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **GOVERNMENT'S MOTION IN LIMINE TO SEQUESTER WITNESSES** |
| 1. AIMEE MARIE BOCK, <br> 3. SALIM SAID, <br> 4. ABDULKADIR NUR SALAH, <br>   and <br> 6. ABDI NUR SALAH, | |
| Defendants. | |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Joseph H. Thompson, Harry M. Jacobs, Matthew S. Ebert, and Daniel W. Bobier, Assistant United States Attorneys, respectfully submits the following motion in limine to sequester witnesses other than the United States' primary case agents and forensic accountants.

The United States respectfully moves to sequester potential witnesses, except for the government's primary agents and forensic accountants described below, pursuant to Federal Rule of Evidence 615. Rule 615 provides, in relevant part, that "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." However, Rule 615 does not authorize exclusion of (1) a party who is a natural person, (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause,

or (4) a person authorized by statute to be present. Fed. R. Evid. 615(a)–(d). Government agents fall within these exceptions to this rule. *See United States v. Engelmann*, 701 F.3d 874, 877 (8th Cir. 2012); *United States v. Sykes*, 977 F.2d 1242, 1245 (8th Cir. 1992).

The government requests that the Court exempt from its sequestration order the primary case agents and forensic accountants, FBI Special Agent Jared Kary, FBI Special Agent Travis Wilmer, and FBI Forensic Accountant Pauline Roase, all of whom may testify during trial. These exceptions are permissible under Federal Rule of Evidence 615 and supporting case law. *See, e.g.*, *Engelmann*, 701 F.3d at 877 ("Rule 615 explicitly 'does not authorize excluding . . . an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney'" and "'[t]he decision whether to allow the government's agent to testify even though the agent sits at the counsel table throughout the trial is left to the trial court's discretion.'") (quoting *United States v. Sykes*, 977 F.2d 1242, 1245 (8th Cir. 1992)).

Dated: January 8, 2025                                  Respectfully Submitted,

                                                        ANDREW M. LUGER
                                                        United States Attorney

                                                        */s/ Joseph H. Thompson*

                                          BY:   JOSEPH H. THOMPSON
                                                HARRY M. JACOBS
                                                MATTHEW S. EBERT
                                                DANIEL W. BOBIER
                                                Assistant United States Attorneys

2