## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>4. ABDULKADIR NUR SALAH,<br><br>Defendant. | Case No. 22-CR-223(4)(NEB/DTS)<br><br><br>**MOTION *IN LIMINE* NO. 4 TO PRECLUDE USE OF LEGAL CONCLUSION TERMS** |

Defendant Abdulkadir Nur Salah requests an Order restricting reference in evidence, testimony, and argument presented to the jury to the terms "victims," "fraud," "scams," and any other legally conclusory terms in the trial proceedings in this case.

Specifically, Defendant Salah seeks to preclude argument, testimony, and evidence before the jury that describes specific acts, objects, or individuals with legally conclusory labels. Examples may include, but are likely not limited to, testimony or argument that accuses the defendants or their businesses of running a "scam" or being "fraudulent," that labels individuals or entities as "victims" or that describes them as having been "defrauded" or "victimized." Use of such legally conclusive terms invades the jury's function, prejudices their assessment of the evidence, and may improperly influence their task of holding the government to its burden to prove each element of each crime charged beyond a reasonable doubt. These specific examples are illustrations. This motion seeks to preclude any language that expresses a subjective impression of illegality that encompasses a legal conclusion.

First, the Court should exclude legal-conclusion testimony because it constitutes improper opinion testimony under Federal Rules of Evidence 701 and 704. Testimony that the defendants' engaged in "fraud" or that their businesses were "scams" offers not facts, but the witness's opinion. And while testimony is not inadmissible merely because it embraces an ultimate issue, Fed. R. Evid. 704(a), testimony couched in legally conclusive terms is inadmissible because it offers the jury "no information other than what [the] witness believes verdict should be." *Hogan v. Am. Tel. & Tel. Co.*, 812 F.2d 409, 411 (8th Cir. 1987) (citing *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 239 (5th Cir.1983)). It is "not sufficiently helpful to the trier of fact to be admissible" because it "merely tells the jury what result to reach." *Kostelecky v. NL Acme Tool/NL Indus., Inc.*, 837 F.2d 828, 830 (8th Cir. 1988); *see also* United States v. Ness, 665 F.2d 248, 250 (8th Cir. 1981) (affirming exclusion of lay witness testimony regarding defendant's "intent to 'hurt,' injure or defraud the bank").

If the government intends to call witnesses who believe that the defendants engaged in fraud, those witnesses are free to testify to the facts within their personal knowledge that inform their opinion, so long as they are otherwise properly admissible. Fed. R. Evid. 602. But additional testimony beyond those facts that expresses the witness's opinions in legally conclusive terms is unhelpful to, and invades the province of, the jury and should be excluded. *See* Commentary to Fed. R. Evid. 704 (explaining that the question, "Did T have capacity to make a will?" would be excluded, while the question, "Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of

distribution?" would be permitted); *see also United States v. Gilbertson*, 970 F.3d 939, 954 (8th Cir. 2020) (testimony using the term "market 'manipulation'" was improper because it "cloak[ed] impermissible legal conclusions in lay opinion testimony") (Kelly, J. concurring).

By the same token, the Court should exclude legal-conclusion testimony and other evidence under Federal Rule of Evidence 403. Evidence framed in legally conclusive terms lacks probative value because it supplies "no information other than what [the] witness believes verdict should be." *Hogan*, 812 F.2d at 411. Conversely, such evidence poses a significant danger of unfairly prejudicing the defendants, confusing the issues, and misleading the jury because it effectively labels the defendants' actions as criminal and improperly suggest to the jury that the elements of a criminal allegation have been satisfied, presupposing the conclusion that the government bears the burden of proving. Fed. R. Evid. 403; *see also Hogan*, 812 F.2dat 411 ("opinion testimony is to be weighed against the concerns enumerated in Fed. R. Evid. 403") (citation omitted).

Defendant Abdulkadir Salah therefore respectfully requests that the Court exclude evidence containing legally conclusive statements and instruct the government not to elicit legally conclusive testimony from its witnesses.

Dated:  January 10, 2025

**GREENE ESPEL PLLP**

*s/ Surya Saxena*
Surya Saxena, Reg. No. 0339465
Nicholas Scheiner, Reg. No. 0402470
222 S. Ninth Street, Suite 2200
Minneapolis, MN  55402
ssaxena@greeneespel.com
nscheiner@greeneespel.com
(612) 373-0830

Attorneys for Defendant Abdulkadir Nur
Salah