IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>4. ABDULKADIR NUR SALAH,<br><br>Defendant. | Case No. 22-CR-223(4)(NEB/DTS)<br><br><br>**MOTION *IN LIMINE* NO. 6 REGARDING VOIR DIRE** |

Defendant Abdulkadir Nur Salah respectfully moves *in limine* for the following orders regarding voir dire:

First, the Defendant requests an order allowing attorney voir dire. The Defendants in this case, unlike the defendants at the *Farah* trial, are differently situated than one another. The Defendants at trial will not only include food distribution site owners with connections to one another, but this trial will also include Aimee Bock, the head of Feeding our Future. As a result, defense counsel may have different interests in questioning the venire and selecting a jury. They should be allowed greater discretion in crafting voir dire relevant to each defendant's differing personal interests.

Second, the Defendant requests that the Court ensure that the venire is questioned regarding both implicit and potential explicit biases regarding race, ethnicity, nationality, national origin, language, and religion. The prosecutor has, in informal communications to the defense and with the Court, suggested that the government may object to voir dire questions intended to identify explicit racial bias. If the prosecutor formalizes that suggestion, the United States would be inviting reversable error. "The Sixth Amendment

requires a trial judge to make inquiry concerning racial bias when racial prejudice might influence a jury." *United States v. Cordova*, 157 F.3d 587, 595 (8th Cir. 1998). Further, the Supreme Court has held, under its supervisory authority over federal courts, that "[i]n our judgment, it is usually best to allow the defendant to resolve this conflict [of raising race during voir dire] by making the determination of whether or not he would prefer to have the inquiry into racial or ethnic prejudice pursued." *Rosales-Lopez v. United States*, 451 U.S. 182, 191 (1981).

In this case, the prosecutor apparently seeks to have it both ways. On the one hand, the United States' exhibit list includes emails that specifically mention race and racism regarding several food distribution site owners of Somali descent. (*See, e.g.*, Gov. Ex. A18 – A20, A23.) But on the other hand, the prosecution may seek to limit the ability of defendants from minority backgrounds to ensure that jurors do not harbor overt racial bias.

At the *Farah* trial, the Court appropriately questioned the venire regarding potential racial bias. The Defendant requests that the Court continue that appropriate practice as required by precedent and reject any attempts by the prosecution to limit voir dire regarding bias based on immutable characteristics.

3

Dated:  January 10, 2025    **GREENE ESPEL PLLP**

*s/ Surya Saxena*
Surya Saxena, Reg. No. 0339465
Nicholas Scheiner, Reg. No. 0402470
222 S. Ninth Street, Suite 2200
Minneapolis, MN  55402
ssaxena@greeneespel.com
nscheiner@greeneespel.com
(612) 373-0830

Attorneys for Defendant Abdulkadir Nur Salah