IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>4. ABDULKADIR NUR SALAH,<br><br>Defendant. | Case No. 22-CR-223(4)(NEB/DTS)<br><br><br>**MOTION *IN LIMINE* NO. 7 REGARDING FOUNDATION FOR ADMISSION OF VIDEO EVIDENCE** |

Defendant Abdulkadir Nur Salah requests an order clarifying the requirements to lay foundation for the admissibility of video recordings at trial in this case. Specifically, Defendant Abdulkadir Salah requests that the Court confirm that videos will be admitted based on a showing that (1) a video "is what it is claimed to be"; and (2) a showing of relevance, even if the precise date of the video is not established.

Video recordings must be authenticated to be admissible. Fed. R. Evid. 901. This requirement may be satisfied by testimony that an item of evidence "is what it is claimed to be." *Id*; *see also United States v. McCoy*, No. 20-CR-150 (NEB/BRT), 2022 WL 20101922, at *2 (D. Minn. Feb. 28, 2022), *aff'd*, 70 F.4th 498 (8th Cir. 2023) (testimony by witness with "personal knowledge that the photograph depicted the pipe found in [defendant's] car" was sufficient to establish authenticity). "The party authenticating the exhibit need only prove a rational basis for that party's claim that the document is what it is asserted to be. This may be done with circumstantial evidence." *United States v. Needham*, 852 F.3d 830, 836 (8th Cir. 2017) (internal quotations and citation omitted).

The Eighth Circuit has endorsed a non-exhaustive list of factors to consider in determining whether foundation has been laid to authenticate audio and video recordings. *United States v. McMillan*, 508 F.2d 101, 104 (8th Cir. 1974). But these factors are only "guidelines," and recordings may be admitted "as long as the totality of the circumstances satisfy a court that the recording is reliable." *United States v. Kimble*, 54 F.4th 538, 547 (8th Cir. 2022) (citing *United States v. Oslund*, 453 F.3d 1048, 1057 (8th Cir. 2006)).

The Court acknowledged the *McMillan* factors in addressing a dispute over video evidence during the trial in *United States v. Farah* but found that they did not control because there was no evidence of when the video at issue was recorded. *United States v. Farah*, No. 22-CR-124 (NEB/TNL), Dkt. 521 (May 15, 2024). Some statements made by the government when initially arguing the video issue during the *Farah* trial, however, suggested that foundation for the video was lacking because the witness being asked to lay foundation did not know "who took the video." *Farah* Trial Tr., Vol. 2492:17-2493:24. Anticipating that issues similar to those in *Farah* may arise at trial in this case, Defendant Salah brings this motion to request that the Court establish certain principles regarding the proper foundation for video evidence in this case.

First, evidence that a video "is what it is claimed to be" may take the form of competent testimony that the video accurately depicts the circumstances in question, and need not come from the person who created a video recording. *United States v. Crockett*, 49 F.3d 1357, 1359 (8th Cir. 1995) (composite "daytime photograph" taken months after the crime at issue was properly authenticated by sponsoring witness testimony that the photo "generally depicted the parking lot on the night of the crime."); *United States v.*

*Kandiel*, 865 F.2d 967, 974 (8th Cir. 1989) (the government properly authenticated audio tapes via defendant's brother's testimony establishing "that the tapes were made in Egypt and sent to" the defendant who was living with the brother in the United States and identifying the speakers in the recording).

Other circuits have reached the same conclusion. *United States v. Manigault*, No. 22-1922, 2024 WL 4298144, at *6 (3rd Cir. Sept. 26, 2024) (homeowner's surveillance system properly authenticated with testimony from law enforcement about how the video was recovered and "that the video depicted the events on the recording accurately."); *United States v. Pinke*, 614 F. App'x 651, 653 (4th Cir. 2015) (a video of a prison assault was authenticated by testimony from a "prison employee . . . that he responded to the assault, witnessed a nurse videotaping the victim's injuries, and the video depicted injuries that were consistent with his recollection."); *United States v. Taum*, No. 22-10306, 2024 WL 4562805, at *3 (9th Cir. Oct. 24, 2024) (The government authenticated surveillance video of an assault by correctional officers with testimony from another officer that the video "was an accurate representation of the incident, that he had previously watched the entire video, and that he knew [a defendant had] created the video."); *United States v. Broomfield*, 591 F. App'x 847, 851–52 (11th Cir. 2014) (government properly authenticated a YouTube video through "circumstantial evidence" that "identified the individual in the video…[,] established where and approximately when the video was recorded, and then identified the specific rifle and ammunition depicted in the video.")

Second, a proponent of photographic or video evidence does not need to establish the exact date on which the photo or video was made to establish proper foundation. In *United States v. Crockett*, 49 F.3d 1357, 1359 (8th Cir. 1995) the Eighth Circuit affirmed the admission of a daytime crime scene photograph taken "several months" after the nighttime crime, because testimony established that the photo "generally depicted the parking lot on the night of the crime" and "can be of some value to the jurors in getting a visual concept of the parking lot as it existed on the date in question."

Similarly, in *Banghart v. Origoverken*, A.B., 49 F.3d 1302, 1304 (8th Cir. 1995), photographs offered to show the condition of fuel canisters after the accident at issue were properly admitted even though evidence could only establish that they were taken sometime within the six months after the accident.

Courts in other districts have similarly admitted recorded evidence despite the proponent's inability to establish the exact date of recording. *See, e.g., Casias v. New Mexico Dep't of Corr.*, No. 16-CV-56 JCH/SCY, 2018 WL 4326991, at *1 (D.N.M. Sept. 10, 2018) (denying motion in limine to exclude video evidence taken on date different from the date at issue); *Swinford v. Target Corp.*, No. 13-CV-4136-MHC, 2015 WL 11216740, at *8 (N.D. Ga. July 13, 2015) ("Assuming Defendant lays the proper foundation for the introduction of the video, it would not be subject to exclusion merely because it does not depict the exact area of the incident or the condition of the premises on the day Ms. Swinford fell."); *Peters v. Huttel*, No. 15-CV-9274 (NSR), 2019 WL 6619602, at *13 (S.D.N.Y. Dec. 5, 2019) (video of electric gate admissible even though it did not "depict the gate on the day of the incident" where it was a "true and accurate

4

depiction of the gate in question opening and closing," "shows the same point of view as plaintiff would have had," and depicts "the same speed" that the "gate opened and closed" on the date of the incident)

Defendant Abdulkadir Salah acknowledges that the admissibility of video evidence will need to be handled case-by-case based on the evidence adduced at trial and does not, at this time, seek admission of any specific piece of evidence. But it is in all parties' interest to identify and resolve in advance evidentiary issues such as those identified herein that may arise at trial.

Dated:  January 10, 2025              **GREENE ESPEL PLLP**

*s/ Surya Saxena*
Surya Saxena, Reg. No. 0339465
Nicholas Scheiner, Reg. No. 0402470
222 S. Ninth Street, Suite 2200
Minneapolis, MN  55402
ssaxena@greeneespel.com
nscheiner@greeneespel.com
(612) 373-0830

Attorneys for Defendant Abdulkadir Nur Salah