# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>4. ABDULKADIR NUR SALAH,<br><br>Defendant. | Case No. 22-CR-223(4)(NEB/DTS)<br><br><br>**MOTION *IN LIMINE* NO. 8 SEEKING ADDITIONAL PEREMPTORY CHALLENGES** |

Defendant Abdulkadir Nur Salah respectfully seeks an order from the Court increasing the number of peremptory challenges for the Defendants to a total of 18 non-alternate peremptory strikes to be allocated among the defense as agreed by the Defendants.

In *Farah*, the Court increased the number of defense peremptory challenges to 18. 22-cr-124 NEB/DTS (ECF No. 447 at 7.); *see* Fed. R. Crim. P. 24(b) (establishing the traditional number of peremptory strikes), 24(c)(4) (establishing the number of additional alternate peremptory strikes); L.R. 39.2(b)(2)(D) (establishing the traditional sequence of exercising strikes).

An increase to 18 peremptory challenges is necessary given the significant pretrial publicity initiated by the United States in this case, the significant publicity surrounding the *Farah* trial itself, the unconscionable conduct of certain defendants in that case regarding juror tampering, and the expected length and complexity of this trial. The significant pretrial publicity the United States fanned through press conferences has been

detailed by the *Farah* defendants. 22-cr-124 NEB/DTS (ECF No. 397.) The level of public attention on this case has only increased as the result of the *Farah* trial preceding this one, and the heinous actions of certain defendants in that case involving juror tampering. As a result, it is highly likely that the jury pool may have been exposed to pretrial publicity.

The Eighth Circuit has recognized that increasing the number of peremptory strikes is an appropriate measure to attempt to mitigate the bias caused by pretrial publicity. *United States v. Blom*, 242 F.3d 799, 804 (8th Cir. 2001).

Further, given the unnecessary complexity and length of the United States' exhibit and witness lists, additional peremptory strikes are necessary to empanel a jury with the fortitude to remain engaged throughout the trial.

This trial will also be more complex than the *Farah* trial because the defendants in this case had widely varying roles. In *Farah,* all of the defendants were connected to food distribution sites. Here, the trial will involve evidence pertaining to Defendant Aimee Bock, who ran Feeding Our Future. That evidence will be significantly different than the evidence the United States attempts to muster against the owners of Safari Restaurant, including Abdulkadir Salah. As a result, the evidence may implicate different potential juror biases that impact individual defendants in different ways as compared to the circumstances in the *Farah* trial.

Accordingly, the Defendants should be granted at least the same number of non-alternate peremptory strikes granted to the *Farah* defendants.

3

Dated: January 10, 2025              **GREENE ESPEL PLLP**

*s/ Surya Saxena*
Surya Saxena, Reg. No. 0339465
Nicholas Scheiner, Reg. No. 0402470
222 S. Ninth Street, Suite 2200
Minneapolis, MN  55402
ssaxena@greeneespel.com
nscheiner@greeneespel.com
(612) 373-0830

Attorneys for Defendant Abdulkadir Nur Salah

CASE 0:22-cr-00223-NEB-DTS   Doc. 430   Filed 01/10/25   Page 3 of 3