# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>4. ABDULKADIR NUR SALAH,<br><br>Defendant. | Case No. 22-CR-223(4)(NEB/DTS)<br><br><br>**MOTION *IN LIMINE* NO. 10 REGARDING CO-CONSPIRATOR STATEMENTS** |

Defendant Abdulkadir Nur Salah requests an Order excluding and restricting improper co-conspirator hearsay.

Based on the extremely voluminous discovery produced by the United States and its voluminous exhibit list, it is expected to take an untenably broad view regarding co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E). The government's position appears to be that any email, text message, site application, or other communication related to any food distribution site associated with Feeding our Future constitutes a co-conspirator statement admissible in the trial against all of these defendants, even though the Indictment itself clearly limits the scope of the alleged conspiracy to a well-defined set of sites and individuals.

In addition to unnecessarily elongating the trial, the United States' broad co-conspirator strategy creates a significant risk of unfair prejudice and a potential mistrial if tangential alleged coconspirator statements are conditionally admitted at trial. This is because the farther the United States strays from focusing on co-conspirators that are

clearly encompassed by the Indictment's language, the more likely it will be that it will be unable to tie up its loose ends by establishing the prerequisites in Rule 801(d)(2)(E).

In this Circuit, courts typically follow the *Bell* procedure for the admission of co-conspirator statements. *United States v. Bell,* 573 F.2d 1040, 1044 (8th Cir. 1978). As explained in *Bell*:

> (1) If the prosecutor propounds a question which obviously requires a witness to recount an out-of-court declaration of an alleged coconspirator, the court, upon a timely and appropriate objection by the defendant, may conditionally admit the statement. At the same time, the court should, on the record, caution the parties (a) that the statement is being admitted subject to defendant's objection; (b) that the government will be required to prove by a preponderance of the independent evidence that the statement was made by a coconspirator during the course and in furtherance of the conspiracy; (c) that at the conclusion of all the evidence the court will make an explicit determination for the record regarding the admissibility of the statement; and (d) that if the court determines that the government has failed to carry the burden delineated in (b) above, *the court will, upon appropriate motion, declare a mistrial,* unless a cautionary instruction to the jury to disregard the statement would suffice to cure any prejudice.
>
> (2) After a ruling on the record that the out-of-court declaration is admissible under Rule 801(d)(2)(E), the court may submit the case to the jury. The court should not charge the jury on the admissibility of the coconspirator's statement, but should, of course, instruct that the government is required to prove the ultimate guilt of the defendant beyond a reasonable doubt. An appropriate instruction on credibility should be given, and the jury should be cautioned with regard to the weight and credibility to be accorded a coconspirator's statement.

*Id.*

To qualify for admission the prosecution must prove by a preponderance of the evidence that "(1) a conspiracy existed; (2) both the declarant and the defendant were members of the conspiracy; and (3) the declarant made the statement in the course and in furtherance of the conspiracy." *United States v. Arias*, 252 F.3d 973, 977 (8th Cir. 2001).

2

These are "preliminary questions of fact" concerning the admissibility of the evidence that must be resolved by the court before the evidence is admissible. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *see also* Fed. R. Evid. 104 ("[T]he court must decide any preliminary question about whether… evidence is admissible."). The Court can consider an alleged coconspirator's statement when making this preliminary admissibility determination, but "such a [coconspirator] statement cannot provide the sole evidentiary support for its own admissibility."

By focusing on tangential hearsay involving sites that have nothing to do with the operative Indictment, the government will create prejudice, and ultimately will be unable to satisfy its preliminary burden to demonstrate admissibility. The circumstances threaten to cause the prejudice described by Justice Jackson in *Krulewitch*:

> As a practical matter, the accused often is confronted with a hodgepodge of acts and statements by others which he may never have authorized or intended or even known about, but which help to persuade the jury of existence of the conspiracy itself. In other words, a conspiracy often is proved by evidence that is admissible only upon assumption that conspiracy existed. *The naive assumption that prejudicial effects can be overcome by instructions to the jury, all practicing lawyers know to be unmitigated fiction.*

*Krulewitch v. United States*, 336 U.S. 440, 453 (1949) (Jackson, J., concurring) (internal citations omitted) (emphasis added).

In such circumstances, the Court should consider not following the *Bell* conditional-admission procedure for any alleged co-conspirator statement that does not involve a co-conspirator whose conduct is clearly within the scope of *this* Indictment's language. The government should be put to its proof outside of the trial to demonstrate

3

the admissibility of such tangential statements involving irrelevant food distribution sites not referenced in the Indictment. This more restrictive approach will prevent a significant risk of unfair prejudice to the defendants and a potential mistrial.

Dated:  January 10, 2025   **GREENE ESPEL PLLP**

*s/ Surya Saxena*
Surya Saxena, Reg. No. 0339465
Nicholas Scheiner, Reg. No. 0402470
222 S. Ninth Street, Suite 2200
Minneapolis, MN  55402
ssaxena@greeneespel.com
nscheiner@greeneespel.com
(612) 373-0830

Attorneys for Defendant Abdulkadir Nur Salah

4