UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO: 22-CR-223 (NEB/DTS)

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>vs.<br><br>Aimee Marie Bock (1),<br><br>        Defendant. | **DEFENDANT AIMEE BOCK'S MOTION FOR RECONSIDERATION OF HER REQUEST FOR CONTINUANCE** |

      Defendant Aimee Marie Bock (hereinafter "Defendant"), through her counsel, Kenneth Udoibok, respectfully moves this Court to Reconsider its Order denying her request for a 30-day continuance of the scheduled trial. With the trial set for February 3, 2025, the Government, on January 2, 2025, finally produced approximately 10 terabytes of exculpatory information.

      On December 24, 2024, Bock moved for a short, 30-day continuance of the trial setting because the Government had just produced nearly 48 gigabytes of exculpatory data with another 10 terabytes that it had not produced. (ECF No. 390). To contextualize the quantity of new material the Government just provided, 48 gigabytes is about 480,000 documents, and 10 terabytes is 65 million document pages.

      In its response, the Government argued that it made the documents available to Bock on request and claimed that she had not requested the information until recently. (ECF No. 391). On that basis, the Court denied Bock's request before she could file a reply. (ECF

1

No. 392). The Government conflates the 10 terabytes of data it failed to produce with Bock's efforts to obtain it.

As an initial matter, the Government's affirmative duty to produce material exculpatory and impeachment evidence is well-established. Bock has no duty or obligation to request material exculpatory or impeachment evidence. As the Government explains in its manual and on its website:

> Government disclosure of material exculpatory and impeachment evidence is part of the constitutional guarantee to a fair trial. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. United States*, 405 U.S. 150, 154 (1972). The law requires the disclosure of exculpatory and impeachment evidence when such evidence is material to guilt or punishment. *Brady*, 373 U.S. at 87; *Giglio*, 405 U.S. at 154. **_Because they are Constitutional obligations, Brady and Giglio evidence must be disclosed regardless of whether the defendant makes a request for exculpatory or impeachment evidence._** *Kyles v. Whitley*, 514 U.S. 419, 432-33 (1995).[1]

(emphasis added).

Nonetheless, on December 15, 2023, Bock filed a motion for discovery pursuant to Federal Rules 16 and *Brady*. (ECF No. 196). Bock specifically requested all documents "material to the preparation of Defendant's defense" as well as all documents that "were obtained from or belong to the Defendant." (ECF No. 196, p. 3).

In response, the Government noted that it fully appreciated and understood its discovery obligations under the Rules, *Brady*, and *Giglio* and that it had complied with all its obligations. (ECF No. 255, p.8). As the Government put it: "The government

---

[1] Available at: *Justice Manual | 9-5.000 - Issues Related To Discovery, Trials, And Other Proceedings | United States Department of Justice*

2

understands, has complied with, and will continue to comply with, its *Brady* and *Giglio* obligations to produce exculpatory and impeachment evidence to the Defense." *Id.*

On December 11, 2024, Bock filed a motion to compel, arguing that she had recently become aware through media reports that the Government had failed to produce key evidence from Monday.com, Center Pilot, and the CLiCS system. That information included: (i) photos and videos of Feeding Our Future staff conducting monitoring visits at various sites; (ii) photos and videos of food being prepared and distributed to the public at Feeding Our Future sites; (iii) notes and reports Feeding Our Future staff prepared from their visits to sites; (iv) documentation of numerous Feeding Our Future staff collecting and reviewing documentation provided by sites; (v) communications between Feeding Our Future staff and sites; (vi) documents relating to Feeding Our Future denying sites and disallowing claims; and the like.

In response to Bock's motion, on December 12, 2024, the Government produced a thumb drive with 47.6 gigabytes of material exculpatory and impeachment evidence for the first time.

The Government's production, however, was still inadequate and incomplete. The Government still failed to produce approximately 10 terabytes of information it had from Feeding Our Future's employees' devices. The information from those devices include: (i) photos and videos of Feeding Our Future staff conducting monitoring and site visits; (ii) photos and videos of food being prepared and distributed to the public at Feeding Our Future sites; (iii) monitoring and site visit forms showing the Feeding Our Future individuals that visited various sites and what they noted from each visit; (iv) emails, text

3

messages, and call logs between Feeding Our Future employees and various sites; (v) the Feeding Our Future employees responsible for monitoring and visiting each site; and the like. Undoubtedly, videos and pictures of sites distributing massive amounts of food to the public are material and exculpatory.

The Government has also alleged that "Bock and Feeding Our Future gave false assurances that they were monitoring the sites under its sponsorship…" (ECF No. 1, ¶ 34). During the first trial, the Government elicited testimony from Hadith Ahmed that Feeding Our Future employees were not doing site visits:

> BY MR. JACOBS:
> Q. In this time frame of the end of 2020 and into 2021, what were site supervisors actually doing for Feeding Our Future?
> A. We were not doing anything. We were not going sites.
> Q. When you say "not doing anything," can you tell the jury what you mean.
> A. We were not visiting sites. We were not inspecting. We were just doing our own thing.
> Q. Is that what you mean by no checks and balances?
> A. Yes.
> Q. Why were site supervisors not visiting sites?
> A. Because the site supervisors knew the site owners, and we were all taking our kickbacks at that time.

Tr. 2777:19-2778:7.

As Bock has only now learned from media reports, the Government had Ahmed's and other Feeding Our Future employees' devices in its possession, which proved that was not true. The devices the Government chose not to produce establish that Ahmed and other Feeding Our Future employees did numerous site visits.

For example, on April 15, 2021, a device shows that two different Feeding Our Future employees visited Safari. The devices also show that Feeding Our Future vigorously investigated possible concerns and that Ahmed himself did monitoring visits and invited others to go with him:

> **Hani Mohamud**
> Also I will be doing full monitor for ASA Limited tommrow morning 9 Am Ikram will be monitoring with me this site I need to pay attention more ..     5:41 PM

> **Hadith Feeding Our Future**
> Doing a monitoring tomorrow, who wanna tag with me?     9:57 PM

> **Worku Denta**
> Hadith Could you join me to monitor AFEAP Wilkin site today? 10:23 AM
>
> **Hani Mohamud**
> Farhiya are you at dur dur? 11:15 AM
>
> Please answer 11:15 AM
>
> **Farhia Sheikdon**
> Yes 11:15 AM

The documents the Government failed to produce conclusively prove that Feeding Our Future employees went well beyond their regulatory requirements in conducting monitoring visits and include contemporaneous documents identifying the individuals that conducted the visits, the dates they made the visits, any issues they saw, and often even photographs of the food being disturbed. The Government cannot allege Feeding Our Future made "false assurances" to MDE about its monitoring visits and then failed to produce the documents proving that Feeding Our Future did exactly what it said.

On December 26, 2024, the Government produced nearly 10 terabytes of material that would be exculpatory and impeachment evidence for the first time. The information,

however, was not in a usable format. On January 2, the Government produced an addition in a purported useable format. Bock cannot verify the assertion because of her focus on satisfying filing deadlines for trial materials.

In short, the Government has an affirmative, unqualified duty to produce all material exculpatory and impeachment evidence. The Government failed to satisfy that obligation by failing to produce documents from Monday.com, Center Pilot, and CLICS until December 12, 2024, and by still failing to produce documents from Feeding Our Future devices. The Government has had this information for over three years and has offered no explanation for its failure to produce the documents sooner. Despite having no obligation to seek the information, Bock filed motions in December 2023 and December 2024.

With the trial just weeks away, Bock has just received the information. Given the Government's extensive and untimely production of key information, Bock cannot reasonably be expected to review the information before trial. She again requests that the Court grant a 30-day extension to the trial date from the date the Government makes its required disclosures.

Respectfully Submitted,

**KENNETH UBONG UDOIBOK, P.A.**

January 10, 2025

/s/Kenneth U. Udoibok
Kenneth U. Udoibok (#0262523)
Suite 5010, 310 Fourth Avenue
South Minneapolis, MN 55415
Phone: (612) 808-6031
*k@kenulaw.com*

**ATTORNEY FOR DEFENDANT
AIMEE MARIE BOCK**

7