UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO: 22-CR-223 (NEB/DTS)

| | |
|---|---|
| United States of America,<br>        Plaintiff,<br>vs.<br>Aimee Marie Bock (1),<br>        Defendant. | DEFENDANT AIMEE BOCK'S<br>MOTION IN LIMINE NO. 1 |

## INTRODUCTION

Defendant Aimee Marie Bock (hereinafter "Defendant"), through her counsel, Kenneth Udoibok, respectfully moves this Court to preclude the Government from introducing certain evidence and making certain arguments. Bock reserves the right to file additional motions in limini once she has reviewed the Government's recently produced witnesses and exhibits list.

## MOTION IN LIMINE NO. 1
### (Allegations Beyond Indictment)

It is axiomatic that the Government must limit the evidence it produces at trial to the facts alleged in the indictment. Defendants have a Fifth Amendment right to be tried only on a grand jury indictment and a Sixth Amendment right to a fair trial free of undue surprise and ambush. *Ex Parte Bain*, 121 U.S. 1 (1887). It has long been the rule that "a court cannot permit a defendant to be tried on charges that are not made in the indictment against him…" *Stirone v. Unites States,* 361 U.S. 212, 217 (1960). Courts also have to

1

ensure there is no "fatal variance" between the allegations in the indictment and the evidence at trial. A fatal variance "occurs when the essential elements of the offense set forth in the indictment are left unaltered but the evidence offered at trial proves facts materially different from those alleged in the indictment." *Unites States v. Begnaud*, 783 F.2d 144, 147, n.2 (8th Cir. 1986). Courts have also been clear that as a general rule, "the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at trial." *Berger v. United States*, 295 U.S. 78, 82 (1935).

This is particularly true here, where Bock moved for a bill of particulars (ECF No. 194) and the Government successfully opposed the motion by arguing the indictment provided sufficient detail of the alleged crimes (ECF No. 255, p. 25).

To ensure the protection of Bock's Constitutional rights to be tried only on the charges in the indictment and to a fair trial free from undue surprise, she moves to preclude the Government from introducing any evidence or making any arguments not included in the indictment. Specifically, Bock moves to preclude any evidence or argument relating to:

1. <u>Handy Helpers or Empress Watson, Jr.</u> Handy Helpers was hired by Feeding Our Future to perform significant renovations to its offices. Although the subject of the Government's early investigations, the undisputed facts show Handy Helpers received no more than fair, market rate compensation for their work; none of the proceeds had anything to do with Bock; and Handy Helpers was consequently never charged with any crimes, and it was not included in the indictment.

2. <u>Policies and Procedures Manual for Afterschool Programs.</u> In December 2021, a company called School Age Consultants sold a detailed and substantial manual outlining policies and procedures for afterschool programs to ensure they complied with various DHS regulatory requirements and policies. The manual is not mentioned anywhere in the indictment, and it has nothing to do with the crimes alleged.

3. <u>Claims Other than those identified in the indictment.</u> The indictment alleges that Bock conspired with specific vendors and sites, namely: (i) Safari Restaurant; (ii) ASA Limited; (iii) Stigma-Free International; (iv) Stigma-Free Wilmar Site; (v) Stigma-Free Mankato Site; (vi) Stigma-Free Waite Park Site; and (vii) the Southcross Site. The indictment identifies the vendors and sites involved in the alleged conspiracy and explains the acts each defendant allegedly undertook in furtherance of the alleged conspiracy. The Government, therefore, should be precluded from introducing any evidence or making any arguments about any unrelated sites or vendors.

4. <u>Feeding Our Future's Administrative Fee.</u> As permitted by federal law, Feeding Our Future charged sites an administrative fee to process their claims for reimbursement. Bock moved to dismiss the indictment and for a *Franks* hearing. As part of that motion, Bock argued the administrative fee was legal, appropriate, and had nothing to do with Bock as the money went to Feeding Our Future and not to her personally. The magistrate denied the motion, but in so doing, explicitly held the administrative fee had nothing to with the alleged crimes: "Regardless, none of the offenses charged are premised on the illegality of Feeding Our Future's administrative fees." (ECF No. 366 at 16). In defending the Magistrate's Report and Recommendation,

the Government argued: "That conclusion was also correct and should be adopted." (ECF No. 373, p. 12). To avoid all doubt, the Court should preclude the Government from making any arguments or presenting any evidence to suggest Feeding Our Future's administrative fees were in any way improper, inappropriate, or somehow related to the allegations in the indictment.

The indictment makes no mention whatsoever of Handy Helpers, the afterschool manual, or sites beyond those specifically identified. Those issues have nothing to do with the alleged crimes and allowing the Government to present any evidence or argument about them would be a waste of time, confusing to the jury, would be a fatal variance from the indictment, and would be an unfair surprise. Bock has been given no notice from the Government that she has any reason to prepare or present any defense relating to any of those issues. Similarly, the Government has conceded and even argued that Feeding Our Future's administrative fee has no relation to the alleged crimes.

In sum, Bock seeks an order precluding the Government from producing any evidence or making any arguments that are not included in the indictment, including but not limited to: (1) Handy Helpers or Empress Watson, Jr; (2) the Policies and Procedures Manual for Afterschool Programs; (3) vendors and sites not identified in the indictment; and (4) Feeding Our Future's administrative fee.

###

                                                                       Respectfully Submitted

                                                                       **KENNETH UBONG UDOIBOK, P.A.**

January 13, 2025                    <u>/s/Kenneth U. Udoibok</u>
                                                                        Kenneth U. Udoibok (#0262523)
                                                                        Flour Exchange Building, Suite 5010 310 Fourth Avenue South
                                                                        Minneapolis, MN 55415
                                                                        Phone: (612) 808-6031
                                                                        <u>k@kenulaw.com</u>

                                                                        **ATTORNEY FOR DEFENDANT AIMEE MARIE BOCK**