UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO: 22-CR-223 (NEB/DTS)

| | |
|---|---|
| United States of America,<br><br>         Plaintiff,<br><br>vs.<br><br>Aimee Marie Bock (1),<br><br>         Defendant. | **DEFENDANT AIMEE BOCK'S<br>MOTION IN LIMINE NO. 2** |

**INTRODUCTION**

Defendant Aimee Marie Bock (hereinafter "Defendant"), through her counsel, Kenneth Udoibok, respectfully moves this Court to preclude the Government from introducing certain evidence and making certain arguments. Bock reserves the right to file additional motions in limini once she has reviewed the Government's recently produced witnesses and exhibits list.

**MOTION IN LIMINE NO. 2**
**(No evidence relating to alleged bribery)**

As discussed in the motions to dismiss the bribery indictments under *Snyder* and the related briefing (*e.g.* ECF Nos. 327, 331, 348, 367, 368), the Government's bribery count is fatally flawed because it failed to allege: (i) Bock reached an agreement with anyone to corruptly influence an official act; (ii) that Bock receive a payment as a *quid pro quo* for the commission of a corrupt official act; and (iii) that a payment was made as part of an agreement to influence a corrupt official act. Instead, the undisputed evidence

1

shows that Bock sold an asset for the fair market value more than a year after Safari's participation in the food program.

Because the Government's indictment failed to allege any agreement, understanding, promise, or arrangement involving Bock to receive a payment to corruptly influence a decision on an official act before it was taken, the Government should be precluded from presenting any such evidence at trial. For all the reasons discussed in Motion in Limine No. 1, the presentation of such evidence or argument for the first time at trial would be a fatal variance from the indictment, would be unfair surprise, and would violate Bock's right to fair notice.

Bock seeks an order precluding the Government from introducing any evidence or making any argument that she reached an agreement, understanding, promise, or arrangement to receive a payment to corruptly influence a decision on an official act before it was taken.

Respectfully Submitted

**KENNETH UBONG UDOIBOK, P.A.**

January 13, 2025

/s/Kenneth U. Udoibok
Kenneth U. Udoibok (#0262523)
Flour Exchange Building, Suite 5010 310 Fourth Avenue South
Minneapolis, MN 55415
Phone: (612) 808-6031
k@kenulaw.com

**ATTORNEY FOR DEFENDANT
AIMEE MARIE BOCK**