UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO: 22-CR-223 (NEB/DTS)

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Aimee Marie Bock (1),<br><br>　　　　Defendant. | **DEFENDANT AIMEE BOCK'S<br>MOTION IN LIMINE NO. 3** |

## INTRODUCTION

Defendant Aimee Marie Bock (hereinafter "Defendant"), through her counsel, Kenneth Udoibok, respectfully moves this Court to preclude the Government from introducing certain evidence and making certain arguments. Bock reserves the right to file additional motions in limini once she has reviewed the Government's recently produced witnesses and exhibits list.

## MOTION IN LIMINE NO. 3
### (No evidence relating to alleged false assurances)

The Government should be precluded from making any arguments or presenting any evidence suggesting that Bock or Feeding Our Future made false assurances, representations, or statements about its efforts as a sponsor or otherwise failed to fulfill its obligations as a sponsor because the Government chose not to produce exculpatory and impeachment information.

1

In its indictment, the Government makes the vague and conclusory allegation that: "Bock and Feeding Our Future gave false assurances that they were monitoring the sites under its sponsorship and that the sites were serving the meals as claimed." (ECF No. 1, ¶ 34). The indictment makes no attempt to explain what monitoring visits it believes Feeding Our Future failed to make; what specific statement was made, who of the nearly 100 Feeding Our Future employees made the statement, when the statement was made, and to whom within MDE the statement was made.

Making the vague and conclusory allegation impossible to defend, the Government chose not to produce 10 terabytes of data from Feeding Our Future employees that document and detail the efforts Feeding Our Future made to fulfill its regulatory obligations, including: (i) the Feeding Our Future employees that conducted monitoring visits; (ii) the dates and locations of their visits; (iii) any concerns, issues, or notes about their visits; (iv) photographs documenting the visits; and (v) communications between Feeding Our Future staff and various sites providing guidance on the food program requirements and Feeding Our Future's requirements for sponsorship.

The documentation the Government chose to withhold is precisely the documentation needed to establish Feeding Our Future's efforts to fulfill its regulatory obligations. For example, on December 12, 2024, after media reports confirmed the Government has not produced all material exculpatory information, and after Bock filed her second motion to compel, the Government produced 48 gigabytes of information documenting Bock and Feeding Our Future's regulatory efforts, a small percent of the still outstanding 10 terabytes. Among the documents the Government produced for the

first time are records showing Feeding Our Future's monitoring efforts of Dar-al-Frooq, the only Feeding Our Future site at issue in the first trial. Those documents show that Feeding Our Future became concerned about Dar-al-Fooq around November 27, 2021, when a Feeding Our Future employee conducted a site visit and did not see sufficient food being distributed. Feeding Our Future then had five different people make site visits on December 18, 2021, January 8, 2022, and January 15, 2022. As a result of those visits, Feeding Our Future denied Dar-al-Fooq's claims for October, November, and December 2021.

With trial less than a month out, the Government still has not produced 10 terabytes of similar data in a usable format. It is not conceivable that Bock could review that quantity of data, much less effectively organize the documents for purposes of cross-examination, identify key exhibits, or subpoena the appropriate witnesses.

The Government cannot intentionally withhold 10 terabytes of data for three years documenting Feeding Our Future's efforts to satisfy its regulatory obligations and then argue to the jury that Feeding Our Future did not fulfill those obligations. By choosing not to disclose Feeding Our Future's documentation about its efforts to fulfill its regulatory obligations, opposing Bock's motion to compel, and opposing her motion to continue, the Government necessarily chose not to put that at issue in trial. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. United States*, 405 U.S. 150, 154 (1972).

The Government should be precluded from introducing any evidence or making any arguments that Bock or Feeding Our Future in any way failed to fulfill their

obligations as a sponsor or made any false assurances to MDE, including but not limited to, failing to make the required monitoring visits.

                                              Respectfully Submitted

                                              **KENNETH UBONG UDOIBOK, P.A.**

January 13, 2025                        /s/Kenneth U. Udoibok
                                              Kenneth U. Udoibok (#0262523)
                                              Flour Exchange Building, Suite
                                              5010 310 Fourth Avenue South
                                              Minneapolis, MN 55415
                                              Phone: (612) 808-6031
                                              *k@kenulaw.com*

                                              **ATTORNEY FOR DEFENDANT**
                                              **AIMEE MARIE BOCK**