UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO: 22-CR-223 (NEB/DTS)

| | |
|---|---|
| United States of America, <br><br>　　　　Plaintiff, <br><br>vs. <br><br>Aimee Marie Bock (1), <br><br>　　　　Defendant. | **DEFENDANT AIMEE BOCK'S MOTION IN LIMINE NO. 4** |

## INTRODUCTION

Defendant Aimee Marie Bock (hereinafter "Defendant"), through her counsel, Kenneth Udoibok, respectfully moves this Court to preclude the Government from introducing certain evidence and making certain arguments. Bock reserves the right to file additional motions in limini once she has reviewed the Government's recently produced witnesses and exhibits list.

## MOTION IN LIMINE NO. 4
(specificity as to defendants and charges)

The Government should be prohibited from intentionally conflating the defendants, from equating Bock with Feeding Our Future, and from arguing that the actions of others are relevant to Bock's guilt or innocence. The Government should also be required to specify which defendants each piece of evidence pertains to prevent confusing the jury.

1

From the onset, the Government has intentionally conflated the actions of a host of individuals across multiple sponsors. As the Government knows, the majority of the claims relating to the indictments, nearly 70% of the claims relating to the guilty pleas, and nearly 100% of the claims relating to the convictions were submitted by sites affiliated with Partners in Nutrition and have nothing to do with Bock, Feeding Our Future, or any other defendant in this case. In fact, most of the allegations across the multiple indictments have nothing whatsoever to do with Bock or Feeding Our Future. Nonetheless, in its numerous press releasees and press conferences, the Government has dubbed this the "Feeding Our Future" case.

Similarly, although Feeding Our Future had about 100 employees, the inditement repeatedly makes allegations about "Bock and Feeding Our Future" without explanation or distinction. In fact, other than alleging Bock received $310,000 for the sale of an asset, the indictment provides no specific allegation about anything specific Bock allegedly knew or did. Instead, it makes only vague and conclusory statements that "Bock and Feeding Our Future" allowed fraudulent claims to be processed. It is well established that Bock is not imputed with the knowledge of Feeding Our Future's 100 employees, and she cannot be held criminally culpable for their actions. Bock has a constitutional right to a fair trial based on the evidence of what, if anything, she personally knew, and what, if anything, she personally did. U.S. Const. Amend. VI; *Taylor v. Kentucky*, 436 U.S. 478, 485 (1978) ("[O]ne accused of a crime is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds of

official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial.").

The Government should be precluded from conflating the actions of the various defendants, claims submitted through Partners in Nutrition, and conflating Bock with Feeding Our Future. Specifically, the Government should not be permitted to paint all defendants with sweeping statements in its opening statement, its closing argument, or through the testimony of any of its witnesses. The Government should be required to describe the allegations and evidence it is introducing relating to each defendant.

The Government should also be precluded from demonizing Bock by claiming she is the face of the "Feeding Our Future fraud." *See, e.g., United States v. Johnson*, 968 F.2d 768, 770 (8th Cir. 1992) (improper argument when prosecutor exhorted jurors to "stand as a bulwark against the continuation of what [defendant] is doing on the street, putting this poison on the streets"); *James v. Bowersox*, 187 F.3d 866, 868-69 (8th Cir. 1999) (considering whether prosecutor's statements that defendant was a "a big time, drug dealing, murdering, robbing slime" violated due process). Such disparagement in the prosecution's arguments or in the testimony that it elicits has the potential to infect the trial with such unfairness that it violates due process. See *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (relying on *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

Moreover, the Government should be required to label its proposed exhibits with the individual defendant it relates to, to ensure the jury is not confused.

The Government should be precluded from conflating the actions of the defendants in this indictment and others, as well as conflating Bock with the actions of

Feeding Our Future or other Feeding Our Future employees. The Government should also be required to affirmatively identify the defendant(s) that relate to each exhibit it seeks to introduce.

                                              Respectfully Submitted

                                              **KENNETH UBONG UDOIBOK, P.A.**

January 13, 2025                        /s/Kenneth U. Udoibok
                                                Kenneth U. Udoibok (#0262523)
                                                Flour Exchange Building, Suite 5010 310 Fourth Avenue South
                                                Minneapolis, MN 55415
                                                Phone: (612) 808-6031
                                                k@kenulaw.com

                                              **ATTORNEY FOR DEFENDANT AIMEE MARIE BOCK**