UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO: 22-CR-223 (NEB/DTS)

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Aimee Marie Bock (1),<br><br>　　　　　Defendant. | **DEFENDANT AIMEE BOCK'S RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE REFERENCES TO THE GOVERNMENT'S CHARGING DECISIONS** |

## INTRODUCTION

Defendant Aimee Marie Bock (hereinafter "Defendant" or "Bock"), through her counsel, Kenneth Udoibok, respectfully objects to the Government's Motion in Limine, which seeks to preclude any testimony regarding the Government's charging decisions during this trial. (Doc. #417). Further, Bock joins Defendant Abdulkadir Nur Salah's general opposition to the Government's Motion in Limini. (Doc. #450).

Specifically, Defendant herein asserts that it is appropriate to elicit testimony about the Government's charging decisions before the jury.

## ANALYSIS

The Eighth Circuit has held that a prosecutor may inquire into the terms of a cooperating witness's plea agreement, provided that such information is not used as evidence of the defendant's guilt and the jury is properly instructed to evaluate witness credibility independently. Additionally, while the Eighth Circuit has not directly

1

addressed whether a defendant may present evidence related to vindictive or selective prosecution, it has established that such inquiries are permissible under certain conditions. See *United States v. Cardarella*, 2007 U.S. Dist. LEXIS 64370, at *5 (W.D. Mo. Aug. 30, 2007). Other circuits have upheld the exclusion of such evidence, but this is not a uniform rule.

In the Eighth Circuit, it may be appropriate to allow testimony concerning the Government's charging decisions related to selective or vindictive prosecution, provided the evidence meets the objective standard and is relevant to material issues, such as the prosecutor's motives. The court must also carefully instruct the jury on the limited purpose of this testimony to prevent undue prejudice. *See United States v. Leathers*, 354 F.3d 955, 961 (8th Cir. 2004).

In the present case, the Government is prosecuting Defendant for likely lawful conduct. The Government's trial brief indicates that Partners in Nutrition (PIN) engaged in similar activities as the organization, Feeding Our Future. However, the executive director of PIN was not indicted, whereas the executive director of Feeding Our Future was. The only distinguishing factor appears to be that Defendant Bock took successful legal action against the Minnesota Department of Education—the same conduct that forms the basis of the criminal charges against her.

Given these circumstances, the Government's charging decisions appear to reflect a potentially selective or vindictive prosecution. Defendant argues that she should be permitted to elicit testimony regarding the motive behind her prosecution, especially in

light of the disparity in treatment compared to other individuals allegedly involved in the same conduct who did not pursue legal action related to the food program.

## CONCLUSION

While the Eighth Circuit has not directly addressed the issue of admitting evidence related to prosecutorial motives, general principles of prosecutorial discretion and the heavy burden on Defendant suggest that a cautious but permissible approach may allow for the admission of such evidence. Therefore, Defendant should be allowed to present testimony regarding the motivation behind her prosecution, as it is relevant to material issues in this case.

                                                  Respectfully Submitted

                                                  **KENNETH UBONG UDOIBOK, P.A.**

January 14, 2025                        /s/Kenneth U. Udoibok  
                                                  Kenneth U. Udoibok (#0262523)  
                                                    Flour Exchange Building, Suite  
                                                    5010 310 Fourth Avenue South  
                                                    Minneapolis, MN 55415  
                                                    Phone: (612) 808-6031  
                                                    *k@kenulaw.com*

                                                  **ATTORNEY FOR DEFENDANT**  
                                                  **AIMEE MARIE BOCK**