5029

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

-------------------------------------------------------------
                                )
United States of America,       )   File No. 22-cr-223
                                )          (NEB/DTS)
          Plaintiff,            )
                                )
v.                              )
                                )   Courtroom 13W
Aimee Marie Bock(1),            )   Minneapolis, Minnesota
Salim Ahmed Said(3),            )   Wednesday, March 19, 2025
                                )   2:37 p.m.
          Defendants.           )
                                )
-------------------------------------------------------------

BEFORE THE HONORABLE NANCY E. BRASEL
UNITED STATES DISTRICT COURT DISTRICT JUDGE

**VOLUME XXII - JURY TRIAL PROCEEDINGS**

Court Reporter:              RENEE A. ROGGE, RMR-CRR
                             United States Courthouse
                             300 South Fourth Street, Box 1005
                             Minneapolis, Minnesota 55415

                                *   *   *

     Proceedings recorded by mechanical stenography;
Transcript produced by computer.

                                *   *   *

RENEE A. ROGGE, RMR-CRR
(612)664-5107

5030

APPEARANCES:

| For Plaintiff: | UNITED STATES ATTORNEY'S OFFICE |
| | BY:  JOSEPH H. THOMPSON |
| | HARRY JACOBS |
| | MATTHEW S. EBERT |
| | DANIEL W. BOBIER |
| | 600 United States Courthouse |
| | 300 South Fourth Street |
| | Minneapolis, Minnesota 55415 |

| For Defendant | KENNETH UBONG UDOIBOK P.A. |
| Aimee Marie Bock(1): | BY:  KENNETH U. UDOIBOK |
| | 310 Fourth Avenue South, #5010 |
| | Minneapolis, Minnesota 55415 |

| For Defendant | COLICH & ASSOCIATES |
| Salim Ahmed Said(3): | BY:  MICHAEL J. COLICH |
| | ADRIAN SCOTT LAFAVOR-MONTEZ |
| | RAGHEN LUCY |
| | 10 South Fifth Street, #420 |
| | Minneapolis, Minnesota 55402 |

*   *   *

5031

**2:37 P.M.**

**IN OPEN COURT**

**(JURY PRESENT)**

THE COURT:  You may all be seated.  Thank you.

Good afternoon, everyone.

I'll note for the record that all counsel and both defendants are present in the presence of the jury.

I've been informed, members of the jury, that you've reached a unanimous verdict; is that correct?

FOREPERSON:  Yes, Your Honor.

THE COURT:  Would you please hand the envelope to the court security officer?  I'm going to take that, the verdict, and make sure that it is in the correct form.  And then I will publish the verdict.

Members of the jury, I'm now going to publish the verdict.  That means I will read it aloud here in court.  I would like you to listen carefully because after I do so, I will ask each of you individually by juror number whether you agree that this is your true and correct verdict.

United States versus Aimee Marie Bock.  Count 1, conspiracy to commit wire fraud.  With respect to Count 1, we, the jury, find the defendant Aimee Marie Bock guilty.

Count 2, wire fraud.  With respect to Count 2, we, the jury, find the defendant Aimee Marie Bock guilty.

With respect -- Count 4, wire fraud.  With respect

to Count 4, we, the jury, find the defendant Aimee Marie Bock guilty.

Count 5, wire fraud.  With respect to Count 5, we, the jury, find the defendant Aimee Marie Bock guilty.

Count 12, wire fraud.  With respect to Count 12, we, the jury, find the defendant Aimee Marie Bock guilty.

Count 15, conspiracy to commit federal programs bribery.  With respect to Count 15, we, the jury, find the defendant Aimee Marie Bock guilty.

Count 40, federal programs bribery.  With respect to Count 40, we, the jury, find the defendant Aimee Marie Bock guilty.

It is signed, dated today and signed by the foreperson.

United States versus Salim Ahmed Said.  Count 1, conspiracy to commit wire fraud.  With respect to Count 1, we, the jury, find the defendant Salim Said guilty.

Count 2, wire fraud.  With respect to Count 2, we, the jury, find the defendant Salim Said guilty.

Count 5, wire fraud.  With respect to Count 5, we, the jury, find the defendant Salim Said guilty.

Count 8, wire fraud.  With respect to Count 8, we, the jury, find the defendant Salim Said guilty.

Count 12, wire fraud.  With respect to Count 12, we, the jury, find the defendant Salim Said guilty.

Count 15, conspiracy to commit federal programs bribery.  With respect to Count 15, we, the jury, find the defendant Salim Said guilty.

Count 16, federal programs bribery.  With respect to Count 16, we, the jury, find the defendant Salim Said guilty.

Count 17, federal programs bribery.  With respect to Count 17.  We, the jury, find the defendant Salim Said guilty.

Count 18, federal programs bribery.  With respect to Count 18, we, the jury, find the defendant Salim Said guilty.

Count 19, federal programs bribery.  With respect to Count 19, we, the jury, find the defendant Salim Said guilty.

Count 32, federal programs bribery.  With respect to Count 32, we, the jury, find the defendant Salim Said guilty.

Count 34, federal programs bribery.  With respect to Count 34, we, the jury, find the defendant Salim Said guilty.

Count 36, federal programs bribery.  With respect to Count 36, we, the jury, find the defendant Salim Said guilty.

Count 37, federal programs bribery.  With respect

5034

to Count 37, we, the jury, find the defendant Salim Said guilty.

Count 38, federal programs bribery.  With respect to Count 38, we, the jury, find the defendant Salim Said guilty.

Count 41, conspiracy to commit concealment money laundering.  With respect to Count 41, we, the jury, find the defendant Salim Said guilty.

Count 42, engaging in monetary transactions in property derived from unlawful activity.  With respect to Count 42, we, the jury, find the defendant Salim Said guilty.

Count 44, engaging in monetary transactions in property derived from unlawful activity.  With respect to Count 44, we, the jury, find the defendant Salim Said guilty.

Count 51, engaging in monetary transactions in property derived from unlawful activity.  With respect to Count 51, we, the jury, find the defendant Salim Said guilty.

Count 52 engaging in monetary transactions in property derived from unlawful activity.  With respect to Count 52, we, the jury, find the defendant Salim Said guilty.

Count 57, engaging in monetary transactions in

5035

property derived from unlawful activity.  With respect to Count 57, we, the jury, find the defendant Salim Said guilty.

The verdict is again dated today and signed by the foreperson.

Members of the jury, at this time I'm going to ask each of you whether these verdicts are your true and correct verdict.  To ensure unanimity, I will use your juror number.

Juror Number 1, are these your true and correct verdicts?

JUROR NUMBER 1:  Yes, Your Honor.

THE COURT:  Juror Number 6, are these your true and correct verdicts?

JUROR NUMBER 6:  Yes, Your Honor.

THE COURT:  Juror Number 15, are these your true and correct verdicts?

JUROR NUMBER 15:  Yes, Your Honor.

THE COURT:  Juror Number 25, are these your true and correct verdicts?

JUROR NUMBER 25:  Yes, Your Honor.

THE COURT:  Juror Number 32, are these your true and correct verdicts?

JUROR NUMBER 32:  Yes, Your Honor.

THE COURT:  Juror Number 41, are these your true and correct verdicts?

JUROR NUMBER 41:  Yes, Your Honor.

THE COURT:  Juror Number 45, are these your true and correct verdicts?

JUROR NUMBER 45:  Yes, Your Honor.

THE COURT:  Juror Number 14, are these your true and correct verdicts?

JUROR NUMBER 14:  Yes, Your Honor.

THE COURT:  Juror Number 16, are these your true and correct verdicts?

JUROR NUMBER 16:  Yes, Your Honor.

THE COURT:  Juror Number 31, are these your true and correct verdicts?

JUROR NUMBER 31:  Yes, Your Honor.

THE COURT:  Juror Number 39, are these your true and correct verdicts?

JUROR NUMBER 39:  Yes, Your Honor.

THE COURT:  And, Juror Number 44, are these your true and correct verdicts?

JUROR NUMBER 44:  Yes, Your Honor.

THE COURT:  I will have the courtroom deputy file the verdicts in this case.

Members of the jury, on behalf of the court, counsel, the defendants and the public, I want to thank you for your service as jurors.  It's extraordinary in this case, as you know, and it's not always easy to sit in

judgment of another's actions.

And you have done your very difficult work well. You've contributed greatly to democracy. And the time that you spent here and in particular the attention that you have paid to an enormous volume of evidence on a very difficult case over six weeks makes your work extraordinary, and you go with the court's thanks.

You are now excused from further service as a juror. You are released from my admonition not to discuss the case with anyone. If you wish to keep your notes, you may do that, otherwise they will be destroyed.

I'm going to have the court security officer take you back to the jury room. Gather your belongings. I would really like to be able to meet with you after I attend to some matters with the attorneys.

So while you do not have to stay, I sure would appreciate the chance to be able to thank you in person.

All rise for the jury.

2:45 p.m.

**IN OPEN COURT**

**(JURY NOT PRESENT)**

THE COURT: You may all be seated.

I will enter a guilty verdict and judgment on each count in the verdict form.

Ms. Bock and Mr. Said, I am referring you to the

probation office for the completion of a presentence report. So the next step in our process is that probation will prepare a presentence report. You are required or may be interviewed to help probation fill out that report and complete it. You may have your attorney with you for that interview.

After the presentence report is prepared, counsel for both sides may enter objections. I rule on those objections at a sentencing hearing, and at that time I will consider the presentence report, the position papers that are submitted by counsel, any letters submitted by you or those on your behalf.

I'm not going to set a sentencing date today. Instead, I am going to wait until the presentence report is prepared and will set a sentencing date that makes sense for everyone.

Any questions about that process from either counsel?

MR. UDOIBOK: No, Your Honor.

THE COURT: All right. As to release or detention pending sentencing, does the government wish to address it?

MR. THOMPSON: We do, Your Honor.

THE COURT: Go ahead.

MR. THOMPSON: Your Honor, the government would move to revoke the release of both defendants and detain

them pending sentencing.

They now both stand convicted of a number, a number of federal crimes, including conspiracy to commit wire fraud, wire fraud, conspiracy to commit federal programs bribery, federal programs bribery and for Defendant Said, there is money laundering counts.

Under federal statute, they shall be detained unless there is a showing by clear and convincing evidence that they are not likely to flee or pose a danger to the community, and we don't think any such showing can be met.

THE COURT:  And are you -- do you believe that's true under both prongs or just flight?

MR. THOMPSON:  I think under both prongs, Your Honor, in light of the testimony and the evidence that was presented to Your Honor.

THE COURT:  All right.  Thank you.

Mr. Udoibok.

MR. UDOIBOK:  Ms. Bock has not violated her conditions of release since she was charged with this offense.  She doesn't have a passport.  She's not a flight risk.  She resides with her parents.  She has no access to engaging in the offenses that she's been convicted.

And she's been, she's followed this court's conditions throughout over two years, and she's not a flight risk, and she's not going to engage in the offenses upon

which she's been convicted.

And we ask that she be given some time to get her affairs ready for prison.

THE COURT:  Thank you.

Mr. Montez.

MR. MONTEZ:  Thank you, Your Honor.

I would request that Mr. Said be allowed to remain out of custody.  While these are clearly serious convictions, the crimes in and of themselves are not inherently dangerous and do not inherently pose any threat to the public.

The crimes of which they've been convicted of were part of a situation that's no longer happening.  And so the, any remaining threat to public safety I don't really see being there at all.

As far as flight risk goes, Your Honor, Mr. Said has remained out of custody throughout the pendency of this trial.  There's always been the possibility that he would be convicted and that he would be facing substantial prison time.  That remains true.  Nothing has changed in regards to that.

He hasn't had an opportunity to say goodbye to his children.  I understand that's not a factor, but it is a factor to him.

So I would just ask that the court take those

things into consideration.

THE COURT:  Thank you.

Two things have changed.  One is the guilty verdicts, and two is the law.

The law is now, presumes detention.  So release of a convicted defendant pending sentencing is expressly governed by 18 U.S.C. 3143(a).  That provides that if a district court finds by clear and convincing evidence, so that's my standard, that a defendant is not likely to flee or pose a danger to the safety of any other person in the community, the court shall order the release of a person in order, in accordance with 3142.

So I have to find by clear and convincing evidence that a defendant is not likely to flee or pose a danger to the safety of any other person or the community.  In other words, there's a presumption of detention that defendants can rebut.

Ms. Bock and Mr. Said must show by clear and convincing evidence that they would be unlikely to flee or pose a danger, and the statute importantly doesn't distinguish between violent crime and white-collar crimes.

For example, in *United States v. Welsand*, the Eighth Circuit affirmed a district court's finding that a mail fraud defendant was likely to flee before sentencing given the nature of his crime.  That's 993 F.2d 1366, Eighth

Circuit, 1993.

As to Ms. Bock, the court cannot find that the presumption has been rebutted, that is I cannot find by clear and convincing evidence that Ms. Bock is unlikely to flee.

Similarly, as to Mr. Said, the court cannot find that the presumption has been rebutted, that is I cannot find by clear and convincing evidence that Mr. Said is unlikely to flee.

And I'm focusing my decision on the flight factor, rather than the public safety factor, although frankly I think that public safety is at risk as well.

The same factors have guided my decision for each defendant, which I thought about carefully before today's verdict.  They are as follows:

First, the fraud scheme in this case was premised on deception.  Both defendants' deception include forged and fraudulent documents.  The court has a valid concern that defendants may utilize similar methods of deception to flee now that they are facing a significant sentence.

And, second, courts have often held that the very real possibility of a high sentence has given defendants a strong incentive to flee.  That is certainly true here.

Third, the evidence at trial suggested that both defendants displayed patterns of deception for over an

18-month period and an absolute inability to comply with authority.

And, fourth, I'll note that there has been heightened security through this trial for a number of reasons, and that has been required through the entire trial and also has been increased during the trial given events during the trial.

All of those factors lead to my decision that the presumption has not been rebutted, and therefore I am ordering that pretrial release be revoked and that both defendants be taken into custody. And I'll call the marshals forward for that now.

Again, we will set a sentencing date at a different time.

Actually before you do that, let me wrap up here real quickly.

By local rule, any attorney or individual acting on behalf of a party may contact jurors. You are not to do that without my permission. So if you wish to contact any juror, any of the attorneys must receive my permission. So you need to contact me to do that.

Second, as to posttrial motion, any motion for judgment of acquittal or motion for a new trial, 14 days within the verdict. If you need relief from that deadline, you may simply write and make a motion, and I will likely

give you reasonable relief as to that.  But for right now, I'm going to make sure that we're ordered for 14 days.

THE COURT:  Mr. Thompson, is there anything else on behalf of the government?

MR. THOMPSON:  No, Your Honor.  Thank you.

THE COURT:  Mr. Udoibok.

MR. UDOIBOK:  No, Your Honor.

THE COURT:  Mr. Montez.

MR. MONTEZ:  No, Your Honor.  In the unlikely event a juror reaches out to our office, what are we to do in that situation?

THE COURT:  It's unlikely, but call me first.

MR. MONTEZ:  Okay.

THE COURT:  Thank you.  We're adjourned.

Thank you, everyone.

(Court adjourned at 2:56 p.m., 03-19-2025.)

* * *

I, Renee A. Rogge, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

Certified by:  /s/Renee A. Rogge
Renee A. Rogge, RMR-CRR