# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CR-223 (3) (NEB/DTS) |
| Plaintiff, | |
| v. | PRELIMINARY ORDER OF FORFEITURE |
| SALIM AHMED SAID, | |
| Defendant. | |

Based on the United States' Motion for a Preliminary Order of Forfeiture; on the Indictment; on the evidence admitted at trial in this matter; on the Jury's verdict of Guilty on Counts 1, 2, 5, 8, 12, 15–19, 32, 34, 36–38, 41, 42, 44, 51, 52, and 57 of the Indictment; on the Declaration of Pauline Roase; and on the Court having found that certain property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1), the United States has established the requisite nexus between such property and the offenses to which the Defendant has been found guilty, IT IS HEREBY ORDERED that:

1. The United States' Motion for a Preliminary Order of Forfeiture (ECF No. 796) is GRANTED;

2. The following property is forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1)(c) in conjunction with 28 U.S.C. § 2461(c):

a. $309,882.51 seized from Bell Bank account No. 6521112638 held in the name of Cosmopolitan Business Solutions d/b/a Safari Restaurant;

b. $196,744.11 seized from Wells Fargo Bank account No. 3665380451 held in the name of Salim Limited LLC;

c. $5,050.20 seized from Wells Fargo Bank account No. 6338840173 held in the name of Salim Limited LLC;

d. $973.03 seized from Wells Fargo Bank account No. 6817825661 held in the name of Salim Said;

e. $1,231.07 seized from Bell Bank account No. 6521110434 held in the name of ASA Limited LLC;

f. The real property located at 2722 and 2742 Park Avenue South, Minneapolis, Minnesota;

g. The real property located at 5150 Alvarado Lane, Plymouth, Minnesota;

h. The real property located at 2435 Stelzer Road, Columbus, Ohio;

i. 2021 Chevrolet Silverado, VIN: 1GC4YUEY4MF160143;

j. 2021 Mercedes Benz GLA, VIN: 4JGFF5KE1MA421736;

  k. Miscellaneous electronic equipment seized from 2722 Park Avenue South, Minneapolis, Minnesota;

  l. Miscellaneous jewelry, clothing, and accessories seized from 5150 Alvarado Lane, Plymouth, Minnesota, as described in the Appendix to this Order;

3. The following property is forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1):

  a. $309,882.51 seized from Bell Bank account No. 6521112638 held in the name of Cosmopolitan Business Solutions d/b/a Safari Restaurant;

  b. $196,744.11 seized from Wells Fargo Bank account No. 3665380451 held in the name of Salim Limited LLC;

  c. $5,050.20 seized from Wells Fargo Bank account No. 6338840173 held in the name of Salim Limited LLC;

  d. $973.03 seized from Wells Fargo Bank account No. 6817825661 held in the name of Salim Said;

  e. $1,231.07 seized from Bell Bank account No. 6521110434 held in the name of ASA Limited LLC;

    f. The real property located at 2722 and 2742 Park Avenue South, Minneapolis, Minnesota;

    g. The real property located at 5150 Alvarado Lane, Plymouth, Minnesota;

    h. The real property located at 2435 Stelzer Road, Columbus, Ohio;

    i. 2021 Chevrolet Silverado, VIN: 1GC4YUEY4MF160143;

    j. 2021 Mercedes Benz GLA, VIN: 4JGFF5KE1MA421736;

    k. Miscellaneous electronic equipment seized from 2722 Park Avenue South, Minneapolis, Minnesota;

    l. Miscellaneous jewelry, clothing, and accessories seized from 5150 Alvarado Lane, Plymouth, Minnesota, as described in the Appendix to this Order;

4. A money judgment forfeiture is entered against Defendant pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1) in the amount $7,837,656.60;

5. Defendant shall receive credit against the money judgment forfeiture for the net forfeited value of each asset that is forfeited from him in connection with this case;

6. Defendant is ordered to forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2)(C), any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the fraud scheme and conspiracy alleged in Counts 1, 2, 5, 8, 12, 15–19, 32, 34, and 36–38 of the Indictment;

7. Defendant is ordered to forfeit, pursuant to 18 U.S.C. § 982(a)(1) and Fed. R. Crim. P. 32.2(b)(2)(C), any property, real or personal, involved in the Conspiracy to Commit Money Laundering charged in Count 41 of the Indictment or Money Laundering charged in Counts 42, 44, 51, 52, and 57, and any property traceable to such property;

8. Pursuant to Fed. R. Crim. P. 32.2(b)(3) and (c)(1)(B), and 21 U.S.C. § 853(m), the United States may conduct discovery as to Defendant to identify property subject to forfeiture under the terms of this order and to address any factual issues raised by a third-party petition filed pursuant to Fed. R. Crim. P. 32.2(c);

9. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing, and shall be made a part of the sentence and included in the judgment; and

10. This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

Dated: February 27, 2026

BY THE COURT:

<u>s/Nancy E. Brasel</u>
Nancy E. Brasel
United States District Judge