UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-223(14) (NEB/DTS)

UNITED STATES OF AMERICA,

Plaintiff,

v.

ABDIRAHMAN MOHAMUD AHMED,

Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Rebecca E. Kline and Matthew C. Murphy, Assistant United States Attorneys, hereby respond to the defendant's motion to compel (ECF No. 809). The government believes that Mr. Ahmed's motion can be denied as moot upon confirmation that he has received certain requested extraction files.

On or about February 2, 2026, the undersigned counsel entered appearances on behalf of the United States on Mr. Ahmed's case, along with all other cases related to the Feeding Our Future fraud schemes. Shortly after entering appearances, undersigned counsel contacted the defendant's counsel in order to introduce the new prosecution team and begin discussions about the case. Counsel for the government and the defendant spoke via teleconference on February 3, 2026. During that meeting, counsel for the

government explained the transition that was underway and the fact that the undersigned attorneys were entirely new to the case.  Mr. Ahmed's counsel did not raise any issues related to the government's prior discovery productions, nor any concerns they had which were unaddressed by the government's previous counsel.

On March 10, 2026, the defendant filed a motion to compel the production of certain trial exhibits contained on an exhibit list previously disclosed to Mr. Ahmed's prior counsel as well as Safari Restaurant's internal CCTV video footage. In support of the motion, counsel explained that they had requested these items from the government on December 8 and December 17, 2025, and had not received them.  However, absent from the motion was the fact that those requests were made to attorneys who are no longer with the U.S. Attorney's Office and were never raised with the undersigned AUSAs.  In fact, counsel for the defendant failed to meet and confer with counsel for the government at all prior to filing a motion to compel.

Notwithstanding the lack of meet and confer, as well as the fact that many of the documents requested were either already provided to the defense or not required to be produced until the appropriate pre-trial exhibit disclosure deadline, the government re-produced the requested documents on Friday, March 13, 2026.  The government is also preparing to provide Mr. Ahmed's

counsel with the cell phone extraction that contains the "GG" exhibits requested.

As to the CCTV footage, the government took steps to determine whether any such footage was seized during the warranted search of Safari Restaurant. The government determined that a laptop and external hard drive were seized, the latter of which contained a handful of video files which may constitute CCTV footage.[1]  The government has offered to provide both the laptop and external hard drive extractions to Mr. Ahmed's counsel.

Accordingly, the government believes that Mr. Ahmed's motion to compel can be denied as moot upon confirmation that he has received all requested extraction files.

Dated:  March 17, 2026                    Respectfully Submitted,

                                          DANIEL N. ROSEN
                                          United States Attorney

                                          *s/ Rebecca E. Kline*
                                          REBECCA E. KLINE
                                          MATTHEW C. MURPHY
                                          Assistant United States Attorney

---

[1] The government has not reviewed the video files in detail to confirm whether they are in fact CCTV files. However, the government has no reason to believe the videos constitute *Brady* material or are required to be turned over under Rule 16.