UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO: 22-CR-223 (NEB/DTS)

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>vs.<br><br>Aimee Marie Bock (1),<br><br>   Defendant. | DEFENDANT AIMEE BOCK'S MEMORANDUM IN RESPONSE TO THE GOVERNMENT'S MOTION TO MODIFY THE PROTECTIVE ORDER AND FOR SANCTIONS |

## I.  INTRODUCTION

Aimee Marie Bock respectfully submits this memorandum in response to the Government's Motion to Modify the Protective Order Governing Discovery and for Sanctions. The defense does not ask the Court to ignore the seriousness of an alleged protective-order violation, nor does it ask the Court to tolerate any further dissemination of protected discovery. Ms. Bock will comply with any directive from this Court. The question is not whether the Court may act; it is how far the Court should go on the present record.

The Government seeks relief in three materially distinct categories: First, to restrict Ms. Bock's access to protected discovery except in counsel's presence; second, to require the control, surrender, or removal of protected materials from third-party

1

possession; and third, to prohibit any contact between Ms. Bock and her two sons, Cale and Camden, until sentencing. The first two categories can be addressed by a focused order that protects discovery and witnesses. Cale and Camden are college students.  They are amenable to being asked to delete any material related to their mom's federal case, whether protected or not. That way, there will be no risk of release.

Surrendering the computers Cale and Camden use for school is overly punitive and will cause unintended negative academic consequences. Their mother, who used to be their primary source of financial support, is in custody. Life has been very difficult for Cale and Camden since January 2022, when the government executed search warrants at the Feeding Our Future office.  They were teenagers in high school.  Now that they have secured computers for college, they cannot afford another for schoolwork.

The third category - a categorical ban on a mother speaking with her children - is equally punitive, overbroad, and unnecessary. The Court should deny the request and instead issue a clear warning, coupled with precise restrictions that bar any family member or third party from distributing protected materials. Counsel can communicate the Court's order to the Bock family, being that they would unlikely wish to discuss this case before sentencing.

## II.    FACTS

The Government's motion rests largely on its account of recorded jail calls and its inference that Ms. Bock, directly or through others, caused protected materials to be transmitted to elected officials and members of the press. The Government alleges that a legislator received emails from a Proton Mail account under the name "Daisy Hill" that

attached documents governed by the Protective Order, including Monday.com entries and Feeding Our Future email records.[1]  Doc. 848 at 3. It further alleges that a Star Tribune reporter obtained law-enforcement interview reports, although the Government expressly states that it has not been able to determine with certainty who provided those reports to the reporter. *Id*. at 3-4, 9.

Ms. Bock does not ask the Court to approve any disclosure of protected discovery. She does, however, contest the Government's attempt to turn a protective-order issue into a family-separation sanction. The record, as described by the Government, supports a narrower solution: prohibiting further disclosure, deleting protected material, limiting access to counsel-supervised review only, and warning Ms. Bock in unmistakable terms that any violation may affect sentencing and result in additional sanctions. That relief protects the Court's authority and the integrity of the proceedings without severing the only immediate family contact Ms. Bock has while she awaits sentencing. Her regular communication with her two boys is the only meaningful thing in her life in jail and for the foreseeable future.

Ms. Bock's communications, as reflected in the Government's motion, were not threats to witnesses. There were no instructions to contact witnesses. They were not making efforts to procure false testimony. They were not efforts to conceal assets, flee, or obstruct a pending trial. They were, at most, an inartful, desperate, and legally misguided

---

[1] Monday.com entries are not covered under the protective order.  Monday.com is a web-based database that Feeding Our Future staff communicated with one another about claims.  Ms. Bock had access to the database while employed by Feeding Our Future.  Nonetheless, it is better not to share information on Monday.com without counsel's approval.

attempt by a detained defendant who believes her prosecution has been unfair to seek public and governmental review by legislators and executive-branch officials. That motive does not excuse any violation of the Protective Order. But it matters when the Court selects a sanction. A sanction should be corrective and preventive, not unnecessarily destructive of family relationships.

### III. GOVERNING PRINCIPLES

This Court has meaningful authority to manage litigation and enforce court orders, but the chosen sanction must fit the violation. The Eighth Circuit held that district courts may sanction violations of criminal pretrial orders, but the sanction must be calibrated. The court must weigh "the reasons" for the violation, intentionality/bad faith, prejudice, and whether "any less severe sanction" would remedy the violation. *United States v. DeCoteau*, 186 F.3d 1008 (8th Cir. 1999).  In *Bergstrom v. Frascone*, although a civil case, the caution applies.  Severe sanctions require careful attention to willfulness, prejudice, and the availability of lesser sanctions. *See Bergstrom v. Frascone*, 744 F.3d 571, 575-76 (8th Cir. 2014).  The court is to examine whether a lesser sanction will suffice unless the misconduct is deliberate or in bad faith: *Bergstrom*, 744 F.3d at 576.

The same proportionality principle is even more important here because the Government seeks to restrict personal associations between a detained mother and her children. A woman facing considerable time in prison. In the supervised-release context, the Eighth Circuit requires that liberty restrictions be reasonably related to legitimate sentencing purposes and involve no greater deprivation of liberty than is reasonably necessary. *United States v. Scott*, 270 F.3d 632, 635-36 (8th Cir. 2001). Restrictions that

4

burden important personal relationships must be especially fine-tuned. *Scott*, 270 F.3d at 636.

## IV. ARGUMENT

**A.     The Court Can Protect the Protective Order Without Imposing a Family-Separation Sanction.**

The Government's legitimate concern is the protection of discovery materials and witnesses. That concern is fully addressed by an order prohibiting Ms. Bock, Cale, Camden, and any third party acting on her behalf from possessing, accessing, transmitting, or distributing protected materials except through defense counsel and for purposes of this criminal case. The Court may also require counsel-supervised access to protected materials, removal of protected materials from any non-lawyer cloud account, and the return or deletion of protected files under counsel's supervision. These remedies are directly tied to the alleged violation.

By contrast, an absolute ban on all contact with Cale and Camden is not tied to protected discovery; it is tied to identity. It would prohibit ordinary family communication, even when a call involves only health, education, finances, emotional support, or the realities of awaiting sentencing in one of the country's largest Covid-19 and child nutrition fraud cases. If the Court is concerned that Ms. Bock's sons may be used as intermediaries, the solution is not silence between mother and children. The solution is a no-intermediary order: no request, instruction, suggestion, or coded communication asking either son to access, move, send, describe, publish, or preserve protected materials, and no discussion of protected discovery with them at all.

That narrower remedy is more enforceable than the Government's proposed ban. Ms. Bock is in custody. Her calls are recorded. A clear warning, a subject-matter restriction, and counsel-supervised access to discovery give the Court immediate tools to detect and punish noncompliance. A total family-contact ban adds little to the record's protection and imposes a disproportionate human cost.

**B.      The Government's Motion Conflates Whistleblowing and Public Petitioning with Witness Intimidation.**

The Government repeatedly characterizes Ms. Bock and her sons' conduct as corrupting the judicial process and suggests that Ms. Bock is endangering witnesses. The defense does not minimize the risk of publishing interview reports or personal information. But the remedy should align with the record. The motion does not identify any phone call in which Ms. Bock threatened a witness, directed anyone to threaten a witness, asked anyone to contact a witness, insulted the judge, maligned the prosecution, sought to contact or intimidate witnesses who testified against her and for the Government, or sought to influence any testimony. Nor does it identify any witness who received an intimidating message from Ms. Bock or her sons, despite the deluge of racial and gender-based attacks she receives. The Government's concern is the dissemination of protected materials. The sanction should therefore target the dissemination of protected materials.

Ms. Bock generally believes that the Government's prosecution has been unfair and that the legislative and executive branches should examine broader governmental conduct related to the Feeding Our Future investigation. She may be wrong about legal

strategy. She may have acted inartfully. She may have misunderstood the boundary between protected discovery and materials she believed exposed governmental wrongdoing. But a misguided effort to seek legislative or executive attention is not the same as witness intimidation.

The Court should draw that line clearly. It should warn Ms. Bock that she may pursue lawful complaints, clemency, legislative requests, or public-record advocacy only through counsel and only without protected discovery, witness statements, sealed materials, personal identifiers, or court-protected information.

**C.     A Warning and a Tailored Protective-Order Modification Are Sufficient and More Consistent With Eighth Circuit Proportionality Principles.**

The defense proposes a sanction that is firm, immediate, and proportionate. First, the Court should warn Ms. Bock on the record that any violation of the Protective Order may result in contempt proceedings, further restriction of communications, consideration at sentencing to the extent lawful, and any other sanction the Court deems appropriate. Second, the Court should restrict Ms. Bock's access to protected discovery to review in the presence of defense counsel or counsel's authorized staff. Third, the Court should order that protected discovery not be stored, accessed, or transmitted through any non-lawyer Dropbox, Proton Mail, personal email, or third-party account. Fourth, the Court should order Cale, Camden, and any other third party acting in Ms. Bock's direction not to possess, access, transmit, or distribute protected materials. Fifth, the Court should permit ordinary family contact but prohibit discussion of protected materials or the use of

family members as intermediaries for any media, political, legislative, or executive outreach involving protected materials.

That proposed remedy gives the Government the protection it says it needs while preserving the essential human contact that the Government's motion would eliminate. Ms. Bock has not been sentenced. She is detained. Her future is uncertain. Her two young, college-aged children are central to her remaining family life. Cutting off all contact with them until sentencing would be a severe sanction with no demonstrated necessity.

## V. PROPOSED ORDER

The defense respectfully requests that the Court deny the Government's request to prohibit contact between Ms. Bock and her sons. In lieu of that sanction, the defense proposes the following relief:

- All protected materials shall remain subject to the existing Protective Order and may be used only for purposes of this criminal case.

- Ms. Bock shall not access protected discovery except in the presence of defense counsel or counsel's authorized staff, unless further ordered by the Court.

- Ms. Bock shall not ask, direct, encourage, or permit Cale Bock, Camden Bock, or any third party to access, possess, copy, transmit, quote, summarize, publish, or distribute protected discovery.

- Cale Bock, Camden Bock, and any third party acting on Ms. Bock's behalf shall not access, possess, copy, transmit, quote, summarize, publish, or distribute protected material.

- Any protected discovery stored in Cale Bock, Camden Bock, or any family member's cloud account, personal email account, removable drive, computer, telephone, or other device shall be deleted or returned to defense counsel, and deleted under counsel supervision.

- Ms. Bock may maintain ordinary personal contact with Cale and Camden Bock, but she shall not discuss protected discovery with them or use them as intermediaries for media, legislative, executive-branch, or public dissemination of protected materials.

- The Court shall warn Ms. Bock that any further violation may result in contempt, additional communication restrictions, adverse consideration to the extent lawful at sentencing, or any other sanction authorized by law.

## VI. CONCLUSION

The Court should enforce its Protective Order. But enforcement does not require the Court to cut off Ms. Bock from her children. A warning, counsel-supervised discovery access, retrieval, or deletion of protected materials from non-lawyer accounts, and a strict no-intermediary/no-disclosure directive will protect the proceedings while avoiding unnecessary and disproportionate family-separation sanctions. The Government's motion should therefore be granted only in part and denied to the extent it

9

seeks to prohibit Ms. Bock from ordinary contact with Cale and Camden Bock before sentencing.

**KENNETH UBONG UDOIBOK, P.A.**

April 29, 2026

/s/Kenneth U. Udoibok
Kenneth U. Udoibok (#0262523)
Flour Exchange Building, Suite
5010 310 Fourth Avenue South
Minneapolis, MN 55415
Phone: (612) 808-6031
*k@kenulaw.com*

**ATTORNEY FOR DEFENDANT
AIMEE MARIE BOCK**

10