UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
22-CR-00223-10 (NEB/DTS)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. Abdinasir Mahamed Abshir, Defendant. | ) | **POSITION WITH RESPECT TO SENTENCING AND MOTION FOR DOWNWARD VARIANCE** |

---

**PLEASE TAKE NOTICE** that counsel for the above-entitled Defendant hereby files the Defense Position with Respect to Sentencing in the above-entitled matter and a Motion for a Downward Variance.

Counsel for the defense does not intend to repeat what is contained in an exhaustive and detailed Presentence Investigation. Counsel is not unmindful of the fact that this Court is well versed in all aspects of the offense conduct.

Regarding the above-entitled Defendant, defense counsel will only emphasize that when growing up he was physically and sexually abused which is identified in the Presentence Investigation. He has a supportive wife and a young child and, as is reflected in the presentence investigation, his wife will continue to support him and after any incarceration they will live together.

Rarely is defense counsel at a loss for words. Unfortunately, in this particular case and as a result of a detailed presentence investigation, there isn't a great deal that defense counsel can add. However, counsel would respectfully suggest that the Defendant made a grave error in contacting a potential witness during trial and unfortunately that increased his sentencing guidelines from what otherwise would have been 46-57 to 63-78 months.

Based upon the judiciary sentencing information contained in the presentence investigation in Paragraph 161, defense counsel respectfully moves for a variance from the sentencing guidelines range of 63-78 to a term of imprisonment of 48-months. Regarding the 18 U.S.C. Section 3553(a) factors, the defense contends that a sentence of 48-months accurately reflects the nature of the offense and the Defendant's lack of criminal history. Additionally, the defense contends that the 48-month downward variance would provide adequate deterrence for criminal conduct and certainly protect the public from any future crimes. Finally, a downward variance to 48-months would provide the Defendant with needed educational and vocational training as it appears in the Presentence Investigation that the Defendant would qualify for the RDAP program. Defense counsel is aware that a requested 48-month sentence would be within the sentencing guidelines range if there was no enhancement for intimidation of a

witness. Again, there is no question the Defendant made a terrible mistake, regrets the same and respectfully requests the Court to consider a sentence of 48-months.

Paragraph 161 of the Presentence Investigation states that the average length of imprisonment for defendants with a Criminal History Category of 1 and Final Offense Level of 26 is 48-months. Counsel for the defense is not unmindful that every defendant is treated individually but given the offense conduct and sentences already imposed by this Court on like defendants, the defense respectfully suggests the Court impose a downward variance and sentence the Defendant to 48-months.

Additionally, the Defendant has asked counsel to request he be released from custody and self-surrender. Counsel is aware that this is an unusual request but given his ethical obligations to his client, he respectfully requests the Court to consider self-surrender.

Respectfully submitted,

Dated: July 17, 2026

*/s/Craig E. Cascarano*

Craig E. Cascarano
Attorney No. 15544
150 S. Fifth Street, Suite 2860
Minneapolis, MN 55402
Tel: (612) 333-6603
Fax: (612) 333-5015
craig@craigcascaranolaw.com